# OCTOBER 16, 1935

### L. C. BARROW V. THE STATE.

No. 17641.   Delivered June 19, 1935.
Rehearing Denied October 16, 1935.

The opinion states the case.

*G. H. Crane,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for robbery of W. B. Dougherty, punishment assessed at five years in the penitentiary.

Bills of exception numbers three and four bring forward the question of the sufficiency of the evidence. It would be useless to set out the evidence in detail. Dougherty was the proprietor of a drug store in the Oak Cliff section of Dallas. On the night of October 27, 1934, three parties robbed the store, taking money from Dougherty's possession, while another party, thought to be a woman, sat in a car in front of the store, in which car the robbers left the scene. Dougherty and his employee, Giddings, positively identified appellant as one of the robbers, giving in evidence the details of such identification. On the other hand, appellant through himself and other witnesses presented evidence which, if true, showed a complete alibi. The question is not the sufficiency of the evidence, but a failure of the jury to accept as true the alibi testimony. The jury accepted the State's evidence as true, and it unquestionably supports the verdict. We are without authority under the circumstances to substitute our judgment for that of the jury.

Bill of exception number one shows that appellant presented a second application for continuance based upon the absence of the witnesses Bud Brown, Carl Simmons and R. H. McCombs. As to Brown and Simmons it is only necessary to say that the trial court's qualification to the bill which brings forward complaint of the denial of the continuance shows that the two witnesses lived in Arkansas, and were only visiting in Dallas at the time of the alleged offense. Their attendance could not be procured by the usual process. No effort to take their depositions is shown. The testimony of the witness George Thomas as well as his affidavit attached to the application seems to indicate that appellant's statement in the application that the evidence of Brown and Simmons could not be procured from any other source was untrue. As to the

witness McCombs; his proposed testimony was purely impeaching, for which character of evidence a continuance will not ordinarily be granted. See Sec. 324 Branch's Ann. Texas P. C. We further observe that as it appears in the transcript the part of the application for continuance based upon McCombs' absence was not signed by appellant. It is further shown that said witness accepted service over the telephone, advising the sheriff that he was sick but would come to court whenever he was called over the phone. The court's qualification shows that appellant never called for said witness during the trial. No error is shown in the court's action in refusing a second continuance.

Bill of exception number five complains because appellant was not permitted to ask the sheriff of Dallas County whether he had in his possession the written confession of Homer Dillingham regarding the transaction for which appellant was on trial. The bill recites that the witness would have answered that he did have the confession and would have produced same, and if this had been allowed it would only have been necessary for appellant to have placed Dillingham on the witness stand and had him identify the confession. Appellant undertakes in the bill to make it appear that he would have gained some advantage by the procedure he sought to follow rather than in the method pursued under the ruling of the court. The qualification to the bill entirely negatives any such injury as the bill attempts to exhibit. The qualification is as follows: "* * * the court told the defendant's counsel that he could put the witness Dillingham on the stand and show whatever he could by him and could ask him anything he wanted to about the alleged confession he was supposed to have made, and allowed him to introduce the confession together with all witnesses who were present when the confession was made who testified as to the voluntary nature of it and any other fact that concerned the truthfulness of it after Dillingham had made this voluntary statement—he retracted it stating that he knew he was going to the penitentiary anyhow on some other charges in other counties of Texas. Both State and defendant went fully into the confession of Dillingham and facts going to the jury and the defendant was allowed to show any fact he wanted to and that would show that Dillingham and not Barrow participated in the robbery—not only by the confession of Dillingham but any other evidence that he had. The jury heard all these facts and found against the defendant."

The record shows that the robbery for which appellant

was on trial occurred on the night of October 27, 1934. On November 30, 1934 Dillingham was in jail in Henderson County on another charge. He made a written statement at such time in which he said that he, Marion Starks, Herman Lefors and Ruth Lefors committed the robbery for which appellant was on trial. Appellant was permitted to show that at the time he made the confession Dillingham also said that appellant had no connection with the robbery in question. Dillingham admitted all this while on the witness stand. He retracted the statement, testifying that he knew he was going to the penitentiary on other charges, and thought he could help appellant by taking the blame for the robbery in question, but that in fact he had nothing to do with it. Under the record and the court's qualification bill number five presents no error.

We fail to discover in the record anything upon which a reversal may be predicated.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we erred in upholding the action of the trial court in overruling his second motion for a continuance. As to the material facts set up in said application, as said in our original opinion, we think the witness Thomas covered the same ground, and that the averment in the application of the fact that appellant could not obtain the testimony desired from any other witness was to that extent untrue. We are still of opinion that no sufficient showing was made of any good reason why the trial court should have granted said application. As to the witness McCombs, we are bound by the qualification appended to the bill of exceptions by the trial court, to which no exception was taken.

Appellant complains of the fact that in our opinion we noted that his application for continuance, based upon the absence of witness McCombs, was not signed by appellant. In his motion for rehearing he calls attention to the signature of the appellant and the jurat of the notary which appear at another place in the transcript. The jurat of the officer referred to appears to have been dated prior to the date set for the trial of the case, and could not be held to refer to an application for continuance which manifestly would be made, signed and sworn to after the case was called for trial. We

did not base any part of our holding, however, upon such fact.

We have carefully gone over all the matters set up in appellant's rather extended motion, and not being able to agree that any of them are of such nature as to call for a reversal of the judgment, the motion for rehearing is overruled.

*Overruled.*