## I. R. WILLIAMS v. THE STATE.

No. 22313.  Delivered January 6, 1943.
Rehearing Denied February 17, 1943.

The opinion states the case.

*M. W. Burch* and *J. V. Patterson,* both of Decatur, and *Will C. Boyd,* of Denton, for appellant.

*Earl Coleman,* District Attorney, of Denton, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a period of five years.

The offense for which appellant was convicted was committed in Wise County. The indictment was returned by the grand jury at the May Term, 1941, of the District Court of said county, but upon application of the appellant, the venue of the case was changed to Denton County.

The State's testimony, briefly stated, shows that prior to the killing ill feeling existed between appellant and the deceased, O. Z. Thorell, as the result of a former encounter. On the day of the homicide, the deceased and his son came into the town of Rhome in an automobile to which they had attached a trailer. They parked the car and trailer at Wren's Garage and proceeded to change some tires. While thus engaged the appellant drove by in a car and parked it in the rear of their car. The deceased, who was stooping over, arose and walked in a stooping position into the garage. He got behind a booth about four feet high and stood there in a stooping position, apparently looking at the appellant when he (appellant) drew a pistol, walked to the door and shot the deceased, who fell upon the floor immediately, and while he was down, he drew his pistol and fired one shot which missed the appellant. At this juncture of the difficulty, Carl Thorell, son of the deceased, ran up and struck appellant several blows with a hammer and knocked him down, but appellant managed to arise and started to leave when Carl Thorell took his father's pistol and fired two or three times at the appellant without effect.

Appellant's theory of the difficulty was that after their first encounter and after he had been indicted for an assault with intent to murder upon the deceased and during the time the case was pending, he sent several parties to the deceased to ask him to drop the prosecution and forget the matter, but the deceased declined to do so, stating that he would let the law take its course; that thereafter but prior to the homicide appelland was informed by friends that the deceased had made serious threats against his life; that on the morning of the killing the deceased struck him with a hammer, kicked him and drew a pistol, whereupon he shot the deceased. The jury, who heard the evidence, declined to accept the appellant's version of the affair, and this court would not be authorized, under the facts disclosed by the record, to say that they were not warranted by the evidence in their conclusion of his guilt.

By Bills of Exception Nos. 1 and 2 appellant complains of the action of the trial court in overruling his application for a continuance based upon the absence of M. W. Burch, one of his attorneys, who was then confined in a hospital by reason

of a serious illness. In his qualification of the bill, the court certifies that appellant had three able and well-qualified attorneys to represent him and who did ably represent him. Consequently no injury is shown to have resulted to him from the court's ruling in this respect. In support of what we have said here, we refer to the cases of Calley v. State, 279 S. W. 848, and Kerr v. State, 115 S. W. (2d) 672. In so far as the appellant's application based upon the absence of Charley Tyler and Carl Thorell and the court's ruling thereon is concerned, no error is reflected by the record for the reason that both Tyler and Thorell appeared and testified. The testimony of the witness, W. H. Turner, would merely have served to impeach Carl Thorell. The witnesses, Joe Idell and Alfred Vess were both in the United States Army and were beyond the jurisdiction of the court. To have continued the case by reason of their absence might have delayed the trial indefinitely. However, the witness, Robert Idell, testified in substance to the material facts which appellant claims he could have proven by Joe Idell and Alfred Vess, the two absent witnesses. Moreover, the record reflects that appellant was indicted on the 23rd day of June, 1941, and the trial of the case was tentatively set for the latter part of July; that prior to a definite setting of the case for the latter part of July, appellant made an application for a continuance which was granted, and the case was set for trial on January 5, 1942; that prior thereto, to-wit, on December 29, 1941, appellant made an application for a change of venue, which was granted, and the venue of the case was changed from Wise to Denton County; that at said time appellant entered into a recognizance to appear before the Honorable District Court of Denton County on the 2nd day of March, 1942; that process for the witnesses Joe Idell and Alfred Vess, was first applied for and issued out of the District Court of Wise County, Texas, on the 9th day of December, 1941, commanding the sheriff of said county to summon said witnesses to appear before the Honorable District Court of Wise County on the 5th day of January, 1942; that the sheriff made his return of said process on January 5, 1942, showing that Alfred Vess was not served because he could not be found in the county. Consequently, appellant knew at that time that Vess had left the county, but the record fails to show that he exercised any diligence to ascertain his whereabouts or take his deposition. No facts are stated in the application for a continuance showing proper diligence to secure the attendance of Joe Idell. Appellant knew that he was within the draft age and would most likely be inducted into the army, and he should have taken such steps as would have kept him advised of the whereabouts of the witness and obtained his

deposition. A failure to do so under the existing conditions was negligence on his part. See 9 Tex. Jur. p. 795, sec. 105.

The testimony of Mrs. Charley Tyler relative to what her husband told her after the alleged homicide would have been hearsay. However, her husband appeared at the trial and testified fully as to what he saw of the fatal shooting. As a general rule, the application for a continuance is addressed to the sound discretion of the court, and unless it is made to appear that the court abused his discretion with respect thereto, no error is shown. See Dozier v. State, 158 S. W. (2d) 776; Campbell v. State, 138 S. W. (2d) 1091; Art. 543, C. C. P., Vernon's Ann. Tex. C. C. P., Vol. 1, p. 456, note 33; also 1942 Cumulative Annual Pocket Part, p. 149, note 33.

By Bill of Exception No. 3 appellant complains of the action of the trial court in permitting the State to elicit from its witness, B. W. Barnett, the fact that after the shooting had ceased and the appellant had left he (the witness) went to where the injured party was lying on the floor; that he saw no blood, but the injured party said, "I am shot; get me to the hospital." Appellant objected to this testimony on the ground that it was hearsay and was an ex parte statement by the deceased. The court certifies that he admitted the statement as part of the res gestae. We think the court was correct in his ruling. The statement was made immediately after the shooting had ceased and doubtless contained the first words uttered by the deceased after he had received the fatal injury. Moreover, it was shown by the testimony of other witnesses that the deceased was shot and that he was taken to the hospital where he subsequently died.

Bills of Exception Nos. 4 and 5 complain of the cross-examination by the State of the appellant's witnesses and are, in our opinion, without merit. They are therefore overruled.

Bill of Exception No. 6 reflects the following occurrence: Appellant called one, John L. Poulter, as a witness in his behalf and proved by him that he was engaged in the practice of law at Fort Worth; that he represented appellant in the trial of his case as a result of the first trouble he had with the deceased in the year 1937 or 1938; that on the trial of that case appellant was found guilty of fighting and his punishment was assessed at a fine of $35.00. Counsel for appellant then asked the witness what appellant's defense was in that case, to which the State objected, which objection was sustained and appellant excepted.

The bill shows that if the witness had been permitted to answer the question, he would have stated that appellant had been informed by his wife that O. Z. Thorell had, without any cause or reason, slapped and assaulted appellant's wife and beat her up; that when appellant approached said Thorell relative to the matter Thorell cursed and kicked him; that defendant then drew his knife and cut Thorell; that said cutting was done under the influence of sudden passion arising from the mistreatment of appellant's wife. It occurs to us that the matter sought to be proved by the witness, as set forth in the bill, is so obviously inadmissible that it needs no lengthy discussion to demonstrate it. That the testimony sought to be elicited came within the rule of hearsay is manifest; and if admitted, it would have suspended the trial of the murder case until appellant had been retried in the assault case. Whatever appellant's defense may have been on his trial for stabbing Thorell, this would not be any defense in the instant case. The testimony did not tend to elucidate any fact at issue, and was therefore inadmissible.

By Bill of Exception No. 7 appellant complains of the action of the trial court in permitting the State, after appellant had rested, to call Mrs. Thorell, widow of the deceased, and prove by her that for a number of years prior to the time her husband was killed, he complained of his back hurting him where he was stabbed before; that it seemed to be growing to his ribs; that it seemed to interfere with his breathing and he could not get up quickly; that he could not straighten up readily; that it had bothered him ever since he was stabbed and cut. The court qualified the bill and in his qualification thereof states that several witnesses had previously testified that at the time of the shooting of O. Z. Thorell, he walked in a stooped manner and not in an upright position. We think that since appellant proved by several witnesses that when the deceased left his automobile and walked toward the booth in the garage he walked in a stooping position and remained in such position in the booth until he was shot, thereby creating the impression that the deceased's act was hostile; hence the evidence objected to was offered to explain why he walked in that position ever since he had been stabbed by appellant. We think this testimony was admissible to rebut the implication of a hostile attitude toward appellant.

Bill of Exception No. 8, in which appellant complains of various and sundry remarks by the prosecuting attorney in his closing argument to the jury, might well be disposed of on the ground the bill is multifarious. However, we have considered it

with great care and reached the conclusion that the argument was a reasonable deduction from the evidence.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinon of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's motion is concerned with the proposition that we erred in disposing of his bill of exceptions No. 7, in which the deceased's wife was allowed to testify to the fact that the deceased had difficulty in straightening up his body when he arose from a sitting position.

Appellant did not testify; he did not say that he thought the deceased was crouched or stooped over and attempting to hide or conceal himself behind the booth in which he was shot; he did not say that such position created any kind of impression upon his mind. The stooped-over position of the deceased's body when he arose from attempting to fix the tire is not shown to have any bearing on appellant's actions herein. True it is, some of the eye witnesses who testified said that the deceased, when he arose, walked in a stooped-over position into the booth, but nowhere in the record is it shown that such a position on the part of the deceased had any influence over the fact that appellant shot the deceased immediately after the walk in the stooped-over position by deceased.

It is noted that appellant objected to the introduction of this testimony by Mrs. Thorell as to the condition of the deceased and his inability to immediately straighten up after having been in a sitting position, in the following language:

"Whereupon, the defendant objected to said question and the answer thereto because the same was immaterial, as to his physical condition, and because evidence was irrelevant and immaterial, and because such evidence was not in rebuttal of any testimony offered in the case."

The main objection appearing to be that such testimony as to the deceased's physical condition was irrelevant and imma-

terial, and not in rebuttal of any testimony, etc. The objection now offered to us in appellant's brief and motion being that if such a defect was present in the deceased that caused him to walk in a stooped-over position, it is not shown that such was known to the appellant, and therefore he should not be charged with knowledge of such. Unfortunately for appellant's contention, he did not see fit to thus inform the trial court, and we think such a belated objection now comes too late.

In all events, we think that such an act upon the part of the deceased in thus walking in a stooped-over position was not shown by the testimony to have had any effect upon the appellant's mind. Thus believing, and on account of appellant's failure to make known to the court a proper objection thereto, we do not think the matter to be of sufficient importance to warrant a reveral hereof; nor do we think we should enlarge the well established rule that demands that a proper objection should be leveled at the time of the proffered testimony. We do think such testimony was material, and we do also think same was admissible as upon rebuttal.

In view of what we here say, the motion for rehearing will be overruled.