### ALFONSO MORANTE V. THE STATE.

No. 22493. Delivered April 28, 1943.

The opinion states the case.

*R. R. Mullen, Jr.*, of Alice, and *Nago Alanis*, of San Diego, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of 99 years.

Appellant challenges the sufficiency of the evidence to sustain his conviction. In order that this opinion may reflect the basis for our conclusion hereinafter expressed, we deem it proper to briefly state the evidence adduced upon the trial. The State's evidence shows that on the morning of the day in question, appellant and the deceased met on the streets of Premont, in Jim Wells County, Texas; that they began to talk but what was said by them, or either of them, the witness, who was within 100 feet of them, did not understand; that soon after they met, appellant drew a pistol. The deceased immediately threw up his hands, and when he did so, the first shot was fired by appellant. The deceased then bent his body forward, when appellant fired the second shot, which caused the deceased to step backward and fall to the ground. He soon expired. An examination of his body disclosed that he had no weapon of any kind, not even a pocket knife.

Appellant's plea was self-defense. He took the witness stand and testified that some four or five days prior to the killing, while going at nighttime to the home of his grandmother, he passed the home of the deceased, who had secreted himself under some poke plants in his yard. He called appellant over there; that he complied with his request, and when he inquired of the deceased what he wanted, he (deceased) drew an automatic pistol and commanded him to go and tell his (deceased's) wife to go away with Paulo Osuno, which he declined to do; that on the day before the killing the deceased again drew a pistol on him and threatened to kill him unless he went and told his (deceased's) wife what he had instructed him to tell her, but he again declined to do so; that on the morning of the killing when they met, the deceased again brought up the subject; and during the conversation the deceased told him what he would do to his (appellant's) mother and then kill him, at which time the deceased had his hand behind him and he put his hand under his belt, whereupon he (appellant) jumped back, drew his pistol and fired; that after he fired the first shot the deceased lunged forward with his hand under his belt at his waist and then he (appellant) fired the second shot.

It will be noted that an issue was raised as to whether the killing was with malice aforethought or in self-defense. This issue the jury decided adversely to appellant and we would not, under the evidence, be authorized to disturb their conclusion of guilt.

Appellant's next complaint relates to the court's action in overruling his motion for new trial based upon two grounds;

the first of which complains of the court's action in overruling his application for a continuance based on the absence of Leo Salinas, who it is alleged was in the Army of the United States. His second ground is based upon newly discovered evidence. We will discuss the questions in the order in which they are presented.

To have granted the motion for a continuance by reason of the absence of the witness, Leo Salinas, might have delayed the trial of the case indefinitely with no reasonable probability that the witness would ever return and be available. Moreover, some of the facts which he expected to prove by said witness would not have been admissible because the same were self-serving declarations. See Williams v. State, 168 S. W. (2d) 261.

Touching the question of newly discovered evidence, appellant testified upon the hearing of the motion for new trial that after the jury had returned their verdict, he was informed by Antonio Quintanilla that he had been told by Monseis Andrada that the deceased did have a pistol at the time of the killing, but he did not know whether or not Andrada had any personal knowledge thereof. He further testified that Eduardo Vela had informed him that the deceased had a pistol on his person on the morning of the killing and was out looking for him (appellant). It was shown that Quintanilla was a friend of the appellant, that he attended the trial but did not tell appellant what Andrada had told him. No affidavit of either of the parties is attached to the motion for new trial; nor is there any reason assigned why these parties were not called to testify upon the hearing of the motion. Appellant's testimony relative to the alleged newly discovered evidence is clearly of a hearsay nature and is too indefinite and uncertain to authorize the granting of a new trial.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.