## S. P. WILSON V. STATE.
No. 24684. March 8, 1950.

*Reid & Reid,* Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of the offense of possession of beer for the purpose of sale in a dry area, and the jury assessed his punishment at a fine of one hundred fifty dollars and 60 days in jail.

Officers searched an apartment under authority of a search warrant and found 114 can of beer.

R. D. Chapman, the owner of the apartment house, testified

that he had rented such apartment to appellant, who gave his name as J. C. Smith.

The officers testified that the night previous to the search, they had followed appellant's car to the apartment house and saw appellant enter the apartment. There was testimony also from officers that appellant's car remained parked in front of the house and that appellant did not leave during that night. It was also in evidence that appellant's possessions such as clothes, books, bag, receipts and letters were in the apartment.

Appellant did not testify, but offered the testimony of two witnesses to the effect that he resided at a different address in another part of the city of Abilene.

There are two bills of exception in the record.

By Bill of Exceptions No. 1, it is shown that the jury retired to consider their verdict about 4:30 or 5 o'clock P. M. and the trial judge left for his home, with instructions to the officer having charge of the jury to take the verdict if the jury came in.

The jury having agreed upon and signed their verdict, it was handed by the foreman to the attending officer, who is turn delivered it to the county attorney.

The following morning, the verdict was delivered by the county attorney to the trial judge.

The trial judge then read the verdict to the jury from the bench, and asked each of them if it was their verdict, and each juror said that it was.

In his motion for new trial, appellant contended that the verdict was invalid because it was not returned into court by the jury.

Such contention and the evidence heard thereon is set out in the bill of exception and shows the events as above set out.

It is neither shown nor contended that the jury or the jury's verdict was in any way tampered with. Neither is it shown that the jury was discharged prior to the court's receiving the verdict and polling the jury.

In the absence of such showing, we see no injury to appellant.

The verdict being read in the presence of the jury, and no juror dissenting, and the jury being polled and each juror agreeing that the verdict was his own, the verdict was properly received and entered. See Arts. 690 and 691, C. C. P.

By his Bill of Exceptions No. 2, complaint is made of the overruling of appellant's application for continuance or postponement on account of the absence of the witness Larry Henry.

The record reveals that application for subpoena for such witness was made on the day of trial and was served at 10 A. M., and return made of the process. It was not shown why the witness was not called or used, and no attachment was applied for to secure his presence.

In the application for continuance, it was represented that said witness, if present, would testify that R. D. Chapman, the owner of the apartment, had informed said witness that he could not identify or recognize the defendant as the person to whom he rented the apartment in which the beer was found by the officers.

Such testimony was not admissible as original testimony, but was purely impeachment evidence. The application for continuance so recognized in the use of this language:

"Which statements made to said witness, Larry Henry, would be for the purpose of impeachment of the said witness, R. D. Chapman and establish the fact that he could not be absolutely certain that he rented the apartment * * * to this defendant."

A continuance based on testimony sought to be secured and which would only be available to impeach a witness who is to testify should ordinarily be refused. See Rosamond v. State, 101 Tex. Cr. R. 315, 276 S. W. 247; Barrow v. State, 129 Tex. Cr. R. 189, 86 S. W. 2d 636; and Williams v. State, 145 Tex. Cr. Rep. 406, 168 S. W. 2d 261.

No error appearing, the judgment is affirmed.

Opinion approved by the court.