**Allen WILLIAMS, alias Junior Barnes, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40184.**

Court of Criminal Appeals of Texas.

March 29, 1967.

Tom Upchurch, Jr. (on appeal only), Amarillo, for appellant.

Alton R. Griffin, Dist. Atty., Tom M. Richards, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is the violation of Art. 489c, Vernon's Ann.P.C., which makes it unlaw-ful for any person who has been convicted of a felony involving an act of violence with a firearm to have in his possession, away from the premises upon which he lives, any pistol, revolver, or other fire-arm capable of being concealed upon the person.

Trial was before a jury on a plea of not guilty. Appellant elected to have the jury which had found him guilty assess the punishment and a term of one and one-half years was assessed.

The record on appeal was approved by the trial judge on October 25, 1966.

Under the provisions of Art. 40.09, Vernon's Ann.C.C.P., Sec. 9, appellant had 30 days or "such additional period as the court may in its discretion authorize" in which to file his brief setting forth each ground of error of which he desired to complain on appeal.

The brief which accompanies the record was not filed in the trial court within the 30 days allowed by Article 40.09, Sec. 9, and there is nothing before this Court to show that the trial court authorized a later filing of said brief or that he considered it in the performance of the duties prescrib-ed by Sec. 12 of said Article 40.09 C.C.P.

The procedure outlined in Article 40.09, Sections 9 to 13 inclusive, allows the trial court to consider each ground of error of which the defendant desires to complain on appeal in light of the approved record and, from the briefs and oral arguments, if any, to decide whether the defendant should be permitted to withdraw his notice of appeal and be granted a new trial.

■ Upon refusal of the trial court to grant a new trial, it becomes the duty of this Court to review the grounds of error urged in defendant's brief filed in the trial court as provided in Section 9, and transmitted to the Court of Criminal Appeals with the record, and to review "any unassigned error which in the opinion of the Court of Criminal Appeals should be

reviewed in the interest of justice." (Sec. 13 of Art. 40.09)

We find no ground for reversal of this conviction which may be reviewed as assigned error or which should be reviewed as unassigned error "in the interest of justice."

The judgment is affirmed.