Harold KEEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 41441.

Court of Criminal Appeals of Texas.

Oct. 9, 1968.

Rehearing Denied Dec. 18, 1968.

E. Neil Lane, Bob Tarrant, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Ruben W. Hope, Jr., Asst. Dist. Attys., and Frank Briscoe, Sp. Prosecutor, Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is indecent exposure to a child (Art. 535c Vernon's Ann.P.C.); the punishment, five years confinement in the Texas Department of Corrections.

The sufficiency of the evidence is not questioned. The state proved by testimony of fifteen year old Gayle _____, the girl named in the indictment; sixteen year old Martha _____, and appellant's adult employee Faye _____, that during the time they were in appellant's apartment in January or February of 1966, appellant took off his clothes and exposed his male organ or penis to Gayle and Martha.

The state's evidence further reflects that appellant used foul language while exposing himself, and that appellant and Faye posed for a picture, introduced by the state as an exhibit, which shows appellant, apparently nude, nibbling at the breast of Faye who is also nude.

The evidence adduced by the state also shows that Faye went to the apartment for the purpose of having relations with appellant and testimony was elicited by the defense that while Gayle and Martha were at the apartment, and after lewd pictures were shown, appellant called from the bedroom for Martha to fix him another drink and when Martha and Gayle took the drink to him appellant and Faye were having sexual intercourse.

Testimony was also elicited by the defense, on cross-examination of Faye, that a few days after the things she testified about happened in his apartment, appellant told her that she had better keep her mouth shut and if she told about the girls being there he would hurt her worse than she had ever been hurt before.

Appellant's first ground of error complains of the overruling of his second motion for continuance based on the absence of one Candy _____.

■ The trial court did not abuse his discretion in overruling such motion which shows on its face that the continuance was sought to obtain impeachment testimony. Williams v. State, 145 Tex.Cr.R. 406, 168 S.W.2d 261; Long v. State, 130 Tex.Cr.R. 433, 95 S.W.2d 127; Wilson v. State, 154 Tex.Cr.R. 369, 227 S.W.2d 542.

■ Ground of error No. 2 complains that the court erred in denying appellant's motion to suppress evidence; motion for discovery; motion to take depositions.

This ground of error does not comply with the requirements of Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., which requires that defendant's brief set forth separately each ground of error of which defendant desires to complain on appeal.

Ground of error No. 3 is defective for the same reason in that it complains that the court erred "in charging the jury and in refusing to charge the jury as requested."

Ground of error No. 4 complains that the court erred in admitting the above mentioned picture of appellant and Faye, on the ground that it was obtained as the result of an illegal arrest, search and seizure to which objections were made.

The evidence adduced in the jury's absence reflects that the picture was found in appellant's pocket by Officer C. W. Munro several weeks after the offense for which appellant was found guilty.

The record reflects that in the jury's absence it was shown that in response to a call that a person was in danger in appellant's apartment, which call was received after information was received that there was to be a lewd party at the apartment, several officers, including Officer Munro, proceeded to the apartment. When they approached a woman's voice was heard crying out from the apartment—to leave her alone. At this time someone inside raised the blind to look out and Officer Munro saw several people in the nude, and saw a woman committing an act of sodomy on a man. The cries of the woman continued and the officers entered the apartment through the door.

The only person in the room that was clothed was a woman named Nancy who was crying and wringing her hands.

Appellant was placed under arrest and allowed to dress. The picture was taken from his clothing after he was dressed.

It was further shown that the officers had radioed to headquarters and asked that a search warrant be obtained to search the apartment, but decided that they did not have time to wait, since it appeared that the person crying out inside was in jeopardy and the dispatcher had informed them that she was in danger of being raped.

Appellant attacks as insufficient the affidavit upon which a search warrant was obtained to search another apartment. The state did not rely upon this search warrant and the picture was not obtained as a result of an arrest of appellant pursuant to such warrant, or a search of the premises described in such search warrant.

■ The trial court did not err in admitting the picture taken from appellant in evidence over the objection that it was obtained as the result of an unlawful arrest or search.

Ground of error No. 5 complains that the court erred in commenting on the evidence during the closing argument at the punishment hearing.

■ The court's remark was: "The jury heard *that* evidence" (or, as the court stated it, "The jury heard *the* evidence"). It was made in ruling upon an objection to argument of counsel for the state: "You don't then go in and have intercourse with another young lady and not expect someone to see you if you call them in to look at you." Counsel for appellant stated in his objection: "There is nothing in the record that says the defendant called these young girls into the bedroom."

The trial judge did not err in overruling appellant's motion for mistrial based upon such comment in his ruling.

Appellant's remaining ground of error relates to the following questions propounded by the Special Prosecutor to appellant on cross-examination, after appellant had testified on direct examination that he had never been arrested prior to April 13, 1966.

"Q. Actually, you have been arrested, have you not?

"A. No, sir.

"Q. In Galveston County?

"A. No, sir.

"Q. In connection with running a house of prostitution down there?

"A. No, sir.

"Q. You deny ever having been arrested in Galveston County at any time in your lifetime?

"A. Yes, sir."

■ The ground of error complaining of the denial of his motion for instruction to the jury to disregard and for mistrial is predicated upon the claim that the Special Prosecutor acted in bad faith and without sufficient cause in asking appellant if he had been arrested for operating a house of prostitution.

In support of such claim Mr. Briscoe, the Special Prosecutor, was interrogated as a witness in the jury's absence and testified that the source of his information was Police Officer Andy Geffert. The officer was not called to testify on the matter.

The record does not support appellant's contention that the Special Prosecutor acted in bad faith in propounding the question.

The judgment is affirmed.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Since our original opinion was delivered, a supplemental record, duly authenticated, has been filed with the clerk of this court, which record includes the matter designated by appellant for inclusion in the record on appeal but which was omitted from the record approved by the trial court—in light of which he overruled the grounds of error set out in the appellant's brief.

In his motion for rehearing, appellant requests that we consider officer Geffert's testimony in passing upon his contention that special prosecutor Briscoe was acting in bad faith when he questioned appellant with reference to whether he had been arrested in Galveston County in connection with running a bawdy house.

■ The procedure outlined in Arts. 40.09–9 to 40.09–13, inclusive, allows the trial court to consider each ground of error of which the defendant desires to complain on appeal in light of the approved record and from the briefs and oral argument, if any, to decide whether the defendant should be granted a new trial. Williams v. State, Tex. Cr.App., 413 S.W.2d 707.

■ Upon the refusal of the trial court to grant a new trial, it becomes the duty of this court to review the rulings of the trial judge, in light of the record and the briefs, and any unassigned error which in the opinion of this court should be reviewed in the interest of justice. Art. 40.09–13, supra.

■ The Court of Criminal Appeals is not bound to confine itself to the record sent up by the trial court in passing upon a federal claim, such as denial of a constitutional right. White v. State, Tex.Cr.App., 410 S.W.2d 440.

■ We have examined officer Geffert's testimony given at the hearing on motion for new trial, wherein he testified that in a conversation with attorney Briscoe he told Briscoe that he had conducted an investigation of the appellant and that he had heard that he (appellant) had been running a house of prostitution in Galveston but that his investigation showed no evidence to that effect. The officer also testified that he

stated to Briscoe that the records showed that appellant was "handled down there for investigation—investigation of what, the record did not disclose."

The testimony of officer Geffert, which was not included in the record on appeal approved and forwarded to this court, does not show the violation of a constitutional right by virtue of the asking of the question, or any error which should be considered "in the interest of justice."

Remaining convinced that a proper disposition was made of the case on original submission, the motion for rehearing is overruled.