Samantha CHERRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 42163.

Court of Criminal Appeals of Texas.

June 18, 1969.

**746**

Irving Lou Bates, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert Bennett, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is unlawful possession of marihuana; the punishment, 8 years.

There is no showing of indigency.

The defendant's brief filed in the trial court does not meet the requirements of Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., in that it does not "set forth separately each ground of error of which defendant desires to complain on appeal."

The brief appears to complain of the introduction of certain testimony over objection that it is hearsay. The testimony relates to information received by an officer which was not disclosed to the jury. The record reflects, however, that when confronted by the officer with such information the manager of the Lounge consented to the search of the premises and, while the search for marihuana was in progress, appellant said: "I'll give you the marihuana, I know what you are after. I don't want to implicate Mrs. Theames (the manager) in this."

Thereafter, appellant took the officers to the women's rest room, got six penny match boxes of marihuana from a beer case under other beer cases and handed them to Officer Garcia.

 The ground of error is not before us. Art. 40.09, Sec. 9, V.A.C.C.P.; Keel v. State, Tex.Cr.App., 434 S.W.2d 687.

If before us for review, the contention that the court reversibly erred in admitting the evidence over objection that it was hearsay is overruled.

The judgment is affirmed.