MEMORANDUM OPINION


 No. 04-07-00248-CR


Rene GONZALEZ,

Appellant


v.


The STATE of Texas,

Appellee


From the 406th Judicial District Court, Webb County, Texas

Trial Court No. 2005-CRN-746-D4

Honorable O.J. Hale, Jr., Judge Presiding


Opinion by: Sandee Bryan Marion, Justice

 

Sitting: Catherine Stone, Justice

 Sandee Bryan Marion, Justice

 Rebecca Simmons, Justice

 

Delivered and Filed: April 9, 2008 


AFFIRMED


 A jury found defendant, Rene Gonzalez, guilty of murder and injury to a child, and assessed
punishment at life in prison and sixty years confinement respectively. In a single issue on appeal,
defendant asserts the trial court erred in denying his motion for a continuance. We affirm.

BACKGROUND

 On June 22, 2004, the body of a six-year-old female child was discovered. On that same
date, defendant, who was the child's father, was arrested for the young girl's murder. On December
7, 2005, defendant was indicted on two counts: murder and injury to a child. On December 4, 2006,
proceedings commenced to terminate defendant's parental rights to his remaining children. On
December 7, 2006, the termination proceedings were continued and scheduled to recommence on
December 11, 2006. In the meantime, on December 8, 2006, pretrial hearings were held in
defendant's criminal case. On that same date, defendant filed a motion for continuance and a hearing
on the motion was held on December 11, 2006, following which, the trial court denied the
continuance. On December 12, 2006, a jury was selected and defendant's criminal trial commenced.

DISCUSSION

 At trial, defendant argued that a continuance was necessary because the termination
proceeding was still on-going and a transcript of that proceeding was needed for an effective defense
in his criminal trial for the purpose of impeaching witnesses called by both the State and the defense. 
We conclude the trial court did not abuse its discretion in denying the motion for continuance sought
for the purpose of impeachment. See Keel v. State, 434 S.W.2d 687, 689 (Tex. Crim. App. 1968).

We overrule defendant's issue on appeal and affirm the trial court's judgment.


 Sandee Bryan Marion, Justice

DO NOT PUBLISH