Clyde WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 39675.

Court of Criminal Appeals of Texas.

June 1, 1966.

On Rehearing Denied Oct. 12, 1966.

Second Rehearing Denied Jan. 11, 1967.

Louis S. Aselin, Houston, (Court appointed on appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Commissioner.

The offense is attempted burglary; the punishment, enhanced under Art. 63 P.C., life.

The indictment was returned July 9, 1965. Trial before a jury on a plea of not guilty resulted in a finding of guilty and judgment was rendered upon the jury's verdict and the court's finding that the defendant had been twice theretofore convicted of a felony.

Hon. Lee Duggar acted as trial counsel for the defendant.

On January 13, 1966, appellant was sentenced to a life term in the penitentiary. He gave notice of appeal and Hon. Louis S. Aselin of the Harris County Bar was appointed to represent him on appeal.

In his brief filed in this court, appellant's counsel on appeal presents a number of points of error, among which are that he was denied due process because no statement of facts has been prepared for this appeal.

Appellant recognizes that the preparation of a record on his appeal is governed by Art. 40.09 Vernon's Ann.Code of Criminal Procedure 1965, which was in effect at the time he gave notice of appeal.

There is no showing in the record that the court reporter was requested to prepare a transcript of his notes for including in the record, nor did appellant's counsel file in the trial court a motion requesting that he be permitted to withdraw his notice of appeal and be granted a new trial by the trial court, and no brief was filed in the trial court setting forth any ground of error.

This court has authority under Section 13 of said Article 40.09 to review unassigned error.

In the absence of a record on appeal to support it, appellant's claim that he was denied due process of law is overruled.

The judgment is affirmed.

Opinion approved by the Court.

## OPINION
## ON APPELLANT'S MOTION
## FOR REHEARING

WOODLEY, Judge.

On the day appellant was sentenced he gave notice of appeal and the court appointed counsel to represent him on appeal.

The record before us has not been approved by the trial judge, as required by Art. 40.09(7), Vernon's Ann.C.C.P. We are unable to ascertain from such record whether or not appellant has been denied a transcription of the reporter's notes (statement of facts); or whether or not he has been denied the effective aid of counsel by the failure of his court appointed counsel to obtain such transcription, or advise and assist appellant in obtaining same in the manner provided in Art. 40.09(5) C.C.P.

It is not specifically shown in the record whether appellant was unable to pay or give security for a transcription of the reporter's notes, and the record is silent as to whether an extension of time for filing such a transcription for inclusion in the record was requested.

■ Contrary to the procedure followed in this Court prior to Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, and the 1965 Code of Criminal Procedure, we are not bound to confine ourselves to the record sent up from the trial court in passing upon a federal claim such as the denial of a constitutional right.

■ This appears to be a case where a further hearing should be held in the trial court while the appeal is pending in order that appellant not be denied his constitutional right to the effective aid of counsel on appeal. See Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100

L.Ed. 891; Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.

■ We suspend the final disposition of appellant's motion for rehearing for 90 days pending the receipt of a record on appeal, approved by the trial court, containing a transcript of the reporter's notes or a finding of the trial court of facts showing that appellant waived or was not denied his right to such transcript or to effective aid of counsel in regard thereto.

It is so ordered.

## OPINION
## ON APPELLANT'S SECOND MOTION FOR REHEARING

MORRISON, Judge.

Pursuant to our opinion of October 12, 1966, we have now been furnished a complete transcript of the reporter's notes covering appellant's trial.

It would serve no purpose to detail the facts appearing therein other than to observe that a police officer apprehended appellant in the act of breaking into a store at 3:30 in the morning. He fired a warning shot after instructing appellant to "Hold it." Appellant fell on the roof of the shed where he was standing and within a matter of seconds a second police officer discovered appellant hiding near the shed from which he had jumped or fallen. Near him were some burglar tools, and another was recovered from the roof of the shed.

Appellant and his witnesses testified that they were playing cards in the neighborhood of the store and that appellant left the game only seconds before the shot was fired. Appellant denied that he was attempting to break into the store and stated that the officers arrested him in the alley as he was on his way home. He admitted giving the officers a false name.

The prior convictions alleged for enhancement were stipulated and appellant admitted being the person so convicted.

■ We have now been satisfied that appellant has not been deprived of the effective assistance of counsel on appeal. We see no merit in appellant's contention that his counsel in this case had prosecuted him in one of the cases alleged for enhancement. When such fact was made known to the Court, appellant personally indicated his desire to proceed with the counsel who was then representing him.

Finding no reversible error, appellant's motion for rehearing is overruled.