Harold Lloyd **CULBERT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39932.

Court of Criminal Appeals of Texas.

Dec. 7, 1966.

Rehearing Denied Jan. 18, 1967.

Dissenting Opinion on Denial of Rehearing March 8, 1967.

Second Rehearing Denied May 10, 1967.

Third Rehearing Denied June 21, 1967.

Will Gray (on appeal only), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Richard M. DeGuerin and Joe Shaffer, Asst. Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

The offense is felony theft; the punishment, enhanced by two prior convictions for a like offense (Art. 63 Vernon's Ann. P.C.), life.

Trial was had and notice of appeal given prior to January 1, 1966.

The indictment alleged theft of two automobile tires and wheels of the value of over $50.00 from J. R. Gage; and for the purpose of enhancing the punishment, alleged that prior to the commission of said theft appellant was convicted of felony theft in Criminal District Court of Harris County on March 10, 1961, in Cause No. 92171, and that after such conviction had become final he committed the offense of theft, a felony, and on April 26, 1963, was convicted of said offense in Cause No. 105178 in Criminal District Court of Harris County, Texas.

The sufficiency of the evidence to sustain the conviction is conceded by appellant's brief and need not be set out. Suffice it to say that appellant was seen driving away from the car lot where two tires and wheels of the value of $50.00 had been re-moved without the consent of and unknown to the owner; appellant's fingerprints were found on the jack used to raise the car from which the tires and wheels had been removed, and two tires and wheels which fit the description of those stolen were found in the car which appellant drove away from the car lot.

The prior convictions alleged for enhancement of punishment were proved by records of the Texas Department of Corrections, including certified copies of the judgments and sentences, photographs and fingerprints, and testimony identifying such fingerprints and photographs as those of the appellant.

The sole question raised on this appeal is the sufficiency of the evidence to support the allegation of the indictment that the conviction in 1963 was for an offense committed after the judgment of conviction in 1961 had become final.

An examination of the Statement of Facts, agreed and certified as full, true and correct, reveals no evidence as to when the offense of theft for which appellant was convicted on April 26, 1963 was committed.

Criminal Investigator J. T. Stevenson, of the Harris County Sheriff's Office, was called as a witness and testified that he was employed in that capacity in 1963. He was told that appellant was convicted in the cause alleged and that the location was 1621 Milam. He was then asked and answered:

"Q. Tell the jury the date on which the offense occurred the items that were involved in that offense?

"A. Tires and wheels and jacks."

It is apparent that the question as to when the offense was committed was not answered.

We agree with appellant's contention that the evidence is insufficient to invoke the provision of Art. 63 P.C., but is sufficient to

sustain his conviction for felony theft enhanced by a prior conviction for felony theft under Article 62 P.C.

The judgment and sentence are reformed to provide for appellant's confinement in the penitentiary for a term of ten years. Haines v. State, Tex.Cr.App., 391 S.W.2d 58.

As reformed, the judgment is affirmed.

## OPINION
## ON STATE'S MOTION FOR REHEARING

DICE, Judge.

The state now moves this court to set aside its opinion of December 7, 1966, which affirmed appellant's conviction for felony theft and reformed the judgment and sentence to provide for confinement in the penitentiary for a term of ten years (enhanced under Art. 62; V.P.C.) and to now affirm the original judgment of conviction with punishment—enhanced under Art. 63, supra—at life imprisonment.

It is insisted that evidence was adduced upon the trial, showing the date of commission of the offense of theft for which appellant was convicted on April 26, 1963, which evidence was inadvertently omitted from the original statement of facts.

In support of its contention, the state relies upon an instrument filed in this court on December 21, 1966, in the cause, styled "Certification of questions and answers inadvertently omitted from original statement of fact__." Such instrument, certified to by the official court reporter who took the proceedings in the cause in shorthand, contains an agreement signed by appellant's trial counsel and counsel for the state in which counsel agree

"that the above and foregoing certification of questions and answers inadvertently omitted from original Statement of Facts in said Cause is correct and should be included in the previously approved Statement of Facts in said Cause had upon the trial before the Honorable Fred M. Hooey, Judge of the Criminal District Court No. 6 of Harris County, Texas—at the time and place as shown by the Caption thereto on Page One."

■ Under the authority of Angle v. State, 165 Tex.Cr.R. 305, 306 S.W.2d 718, the original statement of facts and the questions and answers, now certified to as having been inadvertently omitted therefrom, will be considered in passing upon the state's motion for rehearing.

As now presented, the record reflects that on direct examination the state's witness J. T. Stevenson, referring to the 1963 conviction, testified—among other things—as follows:

"Q Tell the jury the date on which the offense occurred, the items that were involved in that offense? A It was on the 13th of February in 1963.

"Q That was the date on which the offense occurred? A Yes, sir, the night of the 13th."

It thus appears that the witness did testify as to when the offense was committed and that it was committed on February 13, 1963, which was after appellant's conviction in 1961 became final.

■ The proof offered by the state authorized the enhancement of appellant's punishment under Art. 63, supra.

The state's motion for rehearing is granted, our order reforming the judgment and sentence is set aside, and the original judgment of conviction for felony theft, with punishment enhanced under Art. 63, supra, at life imprisonment, is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge (dissenting).

The majority overrules without written opinion, but Judge ONION and the writer

are convinced that appellant's motion for rehearing should be granted and will explain our reasons. Angle v. State, supra, cited in the original opinion did not involve the supplementation of a record while the case was in this Court. The original unpublished opinion in that case declined to consider the statement of facts before us because of what we deemed a faulty approval of counsel. After the original opinion was handed down, it was made known to this Court that Angle's attorney of record at the trial and on appeal, together with the attorney for the State, did, in fact, agree that the record which was before this Court constituted a complete statement of facts and that there were no additional facts elicited upon the trial on the merits which were not incorporated therein. As it is readily apparent now, Angle v. State, supra, did not involve a supplementation of the record, but an authentication of what was already here. The cases cited in the published opinion of Angle relate to comparable situations, and are of no help to the State in their effort to supplement the record after an opinion has been handed down. While not controlling, we do point out here that the supplementation was approved by appellant's trial counsel, who, so far as our record appears, was not longer representing appellant, because appellant was represented in this Court by Honorable Will Gray alone.

In McDonald v. State, Tex.Cr.App., 385 S.W.2d 253, this Court had occasion to deal with a supplementation of the record prior to submission on our docket, and the majority concluded that in order to effectively terminate litigation before this Court, we would consider only those statements of facts which were filed with the clerk of the trial court, approved by the trial court, and filed in this Court prior to original submission on our docket. A number of cases were cited in support of such conclusion.

The instrument relied upon in our opinion on State's motion for rehearing does not comply with the rule set forth above, in that it was not filed in this Court until after original submission, and for this reason should not have been considered. The rule announced in McDonald. v. State, 385 S.W.2d 253, is consistent with this disposition.

The case before us does not involve a question of constitutional dimension and therefore, the holding of the Supreme Court of the United States in Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, has no application. See White v. State, Tex.Cr.App., 410 S.W.2d 440.

We respectfully dissent to the overruling of appellant's motion for rehearing.

## OPINION
## ON APPELLANT'S SECOND MOTION FOR REHEARING

BELCHER, Judge.

Appellant urges that the majority opinion is not supported by Angle v. State, supra, because the only correction of the statement of facts in Angle was by way of affidavits of the attorneys who approved the record.

In Angle this court considered the statement of facts shown to be complete by such affidavits "In fairness to appellant" and said:

"While there are cases which would appear to support a contrary holding, we have decided that the additional evidence that has come into the record by way of affidavits of the attorneys who approved the statement of facts is available and that under the present record the statement of facts may be considered."

To consider this record in which a clerical error relating only to the date of a prior offense resulting in a conviction used for enhancement has been corrected is consistent with our holding in Angle.

It is noted that the Supreme Court of the United States in its opinion in Henry

v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, set the precedent, that appellate courts are no longer bound in all cases to confine themselves to the record on appeal sent up from the trial court.

Appellant's second motion for rehearing is overruled.

MORRISON, and ONION, JJ., dissent to the overruling of appellant's second motion for rehearing.