Edward Nisbet SHAW, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 43363.

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

On Rehearing April 7, 1971.

---

Marvin O. Teague, Rex Cammack, Houston, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The appeal is from a conviction for unlawfully using profane and obscene language over a telephone. The punishment was assessed by the court at a fine of $100.-00.

Appellant contends, among other things, that he was denied effective assistance of counsel because of the failure of trial counsel to secure a transcript of the court reporter's notes for the record on appeal.

On the day appellant was sentenced he gave notice of appeal to this Court.

The court reporter died some three weeks after notice of appeal was given. A motion to secure a transcript of the court reporter's notes (statement of facts) was filed with the clerk of the trial court. There is no showing that this motion was ever formally presented to the trial court.

A motion for extension of time for filing a statement of facts was filed, but there is no showing that it was presented to the trial court.

The record does show that counsel for appellant made calls concerning the record to the clerk of the trial court and to the court reporter who worked during the illness and after the death of the original court reporter.

The present court reporter testified at the hearing on the objections to the record that the judge ordered a transcript of the court reporter's notes in other cases after the death of the court reporter who took the notes during the trial.

No doubt trial counsel for appellant could and should have called the matter to the attention of the trial judge so that a complete record could have been prepared.

In White v. State, Tex.Cr.App., 410 S.W. 2d 440, this Court held that we are not bound by the record sent up from the trial in passing upon a federal claim such as the denial of a constitutional right. There the court held that a further hearing should be held in the trial court while appeal is pending in order that White not be denied his constitutional right to the effective aid of counsel on appeal.

We abate the appeal of this cause pending the completion of a record on appeal approved by the trial court containing a transcript of the court reporter's notes, which apparently could be made available, or an agreed statement of facts or one pre-

 

pared by the trial court, or a finding of the trial court of facts showing that appellant waived or was not denied his right to such transcript (or statement of facts), or was not denied effective aid of counsel in regard thereto. See White v. State, supra.

In the event such record is prepared, Article 40.09, Vernon's Ann.C.C.P., shall be followed in presenting briefs in the trial court and on appeal to this Court.

It is so ordered.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

The record has now been perfected and the appeal is reinstated. Appellant was tried, on a plea of not guilty to the court, under an information alleging that he " * * did unlawfully use vulgar, profane, obscene, and indecent language over and through a telephone and did use a telephone with intent to harass, annoy, torment, abuse, threaten and intimidate * * *."

The sufficiency of the evidence is challenged.

■ The record shows that appellant had called the complaining witness on many occasions over a period of weeks, both at her place of work and at her home. On the night alleged in the information, appellant called the complainant a number of times, beginning early in the evening and continuing until sometime after midnight. Apparently, appellant was trying to locate his estranged wife, whom he believed to be out with the complainant's brother. He told the complainant that he had killed two people and that one more would not make any difference; he then proceeded to describe how he had killed these people.

The judgment and sentence recite that appellant was found guilty of "obscene phone calls" and fined $100.

The record, while replete with evidence that appellant used the telephone with the intent to harass the complainant, is totally devoid of any evidence of vulgarity, profanity, obscenity or indecent language.

As there is no evidence to support the conviction, the judgment is reversed and the cause remanded.