ACCEPTED
03-17-00271-CR
21259056
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/13/2017 10:35 AM
JEFFREY D. KYLE
CLERK

No. 03-17-00271-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF
TEXAS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/13/2017 10:35:48 AM
JEFFREY D. KYLE
Clerk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# THOMAS RICHIE McBRIDE

## VS.

# THE STATE OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ON APPEAL FROM THE 27th DISTRICT COURT
OF BELL COUNTY, TEXAS
Cause No. 76454

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATE'S BRIEF

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**HENRY GARZA**
DISTRICT ATTORNEY
27th Judicial District of Texas

**BOB D. ODOM**
ASSISTANT DISTRICT ATTORNEY
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@bellcounty.texas.gov
SBA No. 15200000

*Oral Argument Waived*

1

# TABLE OF CONTENTS

**ITEM**                                                                 **PAGE**

Index of Authorities…………………………………………………….…             3

Statement Regarding Oral Argument………………………………….             4

Statement of the Case………………………………………………….…             4

Statement of Facts……………………………………………………….…             4

Summary of State's Argument………………………………………….             6

Argument and Authorities………………………………………………             7

    Issue on Appeal…………………………………………………….             7

        WAS EVIDENCE SUFFICIENT TO PROVE
        PRIOR CONVICTION WAS FINAL AND, IF
        SO, WHAT IS THE PROPER REMEDY?

        Applicable Law…………………………………………….             7

        Application and Analysis………………………………….             8

            Harm……………………………………………….             9

            Remedy………………………………………….             12

Prayer………………………………………………………………………….             13

Certificate of Compliance with Rule 9……………………………….             14

Certificate of Service………………………………………………….…..             14

# INDEX OF AUTHORITIES

**CASES**                                                                                          **PAGE**

*Bell v. State,* 994 S.W.2d 173 (Tx. Cr. App. 1999)........................... 12

*Culbert v. State*, 415 S.W.2d 646 (Tx. Cr. App. 1966).................... 11

*Fletcher v. State*, 214 S.W.3d 5 (Tx. Cr. App. 2007)....................... 8

*Jones v. State,* 711 S.W.2d 654 (Tx. Cr. App. 1986)........................ 8

*Jordan v. State*, 256 S.W.3d 286 (Tx. Cr. App. 2008).................... 9-12

*Monge v. California*, 524 U. S. 721 (1998)...................................... 12

**OTHER**

*Texas Penal Code*

     12.32............................................................................. 9-10

     12.33............................................................................. 10

     12.42 (b)....................................................................... 8, 10

     12. 42 (d)..................................................................... 4, 10

     30.02 (c) (2)................................................................ 4

*Texas Rules of Appellate Procedure*

     Rule 44.2 (b)............................................................... 12

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

The appellant, Thomas Richie McBride, was charged by indictment with the second degree felony offense of burglary of a habitation.[1]  The indictment also alleged two prior felony convictions in proper order for the purpose of enhancement of the range of punishment to 25 years to 99 years or life.[2]

The appellant was found guilty by a jury (CR-82; RR9-143).  The same jury found the enhancement allegations in the indictment to be true and assessed punishment at 99 years in the Texas Department of Criminal Justice Institutional Division (CR-87, 119; RR10-55, 58).

The appellant gave timely notice of appeal (CR-100) and the trial court certified his right to do so (CR-123).

## STATEMENT OF FACTS

The only issue raised by the appellant on appeal is whether or not there was sufficient evidence to support the finding of the jury that the allegations in the second paragraph of the indictment that the appellant

---

[1] Section 30.02 (c)(2), *Texas Penal Code*
[2] Section 12.42 (d), *Texas Penal Code*

had been finally convicted of the prior conviction alleged. Therefore, the State will not recite the underlying facts of the offense.

The second paragraph of the indictment charged that the appellant had been previously convicted on the 12th day of June, 1984 in the 27th District Court of Bell County, Texas of the offense of burglary of a habitation in Cause Number 32,729 (CR-5).

The third paragraph also alleged that the appellant had been previously convicted on the 5th day of December, 1979 of the offense of burglary of a building in the 27th District Court in Cause Number 28,276.

The appellant pled "not true" to both of the enhancement paragraphs of the indictment (RR10-11, 12).

During the punishment phase of the trial the State offered penitentiary packets in each case. Fingerprint expert Karl Ortiz had testified that he had examined rolled fingerprints that he had taken from the appellant with those contained in the pen packets and they were all the fingerprints of the same person (RR10-18). Both exhibits, State's Exhibits 40 and 41, were admitted before the jury without objection from the appellant (RR10-18).

State's Exhibit 40 consists of the penitentiary packet from Cause No. 28,276 as alleged in the third paragraph of the indictment. The

5

appellant does not contest the jury's finding of true with respect to the allegations in that paragraph nor the sufficiency of the evidence to establish it (Appellant's Brief at page 10).

State's Exhibit 41 is the pen packet for Cause No. 32,729 as alleged for enhancement purposes in the second page of the indictment. That packet consists of photographs and fingerprints of the appellant as well as a judgment and sentence in the case. At the bottom of the sentence there appears this phrase: "DEFENDANT GAVE NOTICE OF APPEAL IN OPEN COURT ON JUNE 12, 1984". No other documentation was offered by the State concerning this prior conviction and it is the issue as to the sufficiency of the evidence to prove the allegations in that paragraph of the indictment that is the basis of this appeal.

## SUMMARY OF STATE'S ARGUMENT

Because the judgment in the conviction alleged in paragraph two of the indictment recited that notice of appeal was given it was incumbent upon the State to offer evidence showing that it was a final conviction. The State did not do so. Because the maximum punishment was the same because the State proved, and the appellant does not contest, the prior conviction alleged in the third paragraph of the

6

indictment, there was sufficient evidence to prove that the appellant was a repeat offender, as opposed to a habitual criminal. The maximum sentence in this second degree was the same and the jury assessed punishment at the maximum of 99 years. The proper remedy is to reform the judgment to show punishment as a repeat offender. In the alternative, the remedy is to remand the case to the trial court for a new trial on the issue of punishment only.

## ARGUMENT AND AUTHORITIES

### *Issue on Appeal*

Was the evidence sufficient to prove that the appellant was finally convicted in Cause No. 32,729 as alleged in the third paragraph of the indictment and, if not, what is the proper remedy?

### *Applicable Law*

It is axiomatic that when a prior conviction is alleged for enhancement purposes the State must prove that the conviction is final. Where there is a plea of "not true" and where there is a notation on the judgment in the alleged prior conviction that the case was appealed it becomes the burden of the State to prove that the case was affirmed and the conviction was final by some evidence, such as a mandate from the

appellate court. *Fletcher v. State*, 214 S.W.3d 5 (Tx. Cr. App. 2007). The appellant is not required to raise the issue at trial in order to preserve it for appeal. *Jones v. State*, 711 S.W.2d 634 (Tx. Cr. App. 1986).

## *Application and Analysis*

The judgment in Cause No. 32, 729, alleged for the purposes of enhancement for punishment as a habitual criminal in the second paragraph of the indictment, recites that notice of appeal was given in open court on the same day that the judgment was entered. There was no proof offered by the State that the case had been affirmed on appeal or a mandate issued. Thus the evidence was insufficient to support the finding of the jury that the allegations in the second paragraph of the indictment were true.

There was no such problem with the allegation of a previous prior conviction in the third paragraph of the indictment with respect to Cause No. 28,276 and the appellant does not contest the sufficiency of the evidence to support the jury's finding of true as to that paragraph and, therefore, that he is a repeat offender as set out in Section 12.42 (b) of the Penal Code[3].

---

[3] Section 12.42 (b) provides that if it is shown on the trial of a second degree felony that the defendant has been previously finally convicted of a felony offense, other than a state

*Harm*

An error in the proof of a prior conviction alleged for enhancement purposes is generally not subject to a harm analysis. *Jordan v. State*, 256 S.W.3d 286, 293 (Tx. Cr. App. 2008). The *Jordan* court observed that where a prior conviction is alleged for enhancement purposes and the defendant had pled "not true" then the jury charged with assessing punishment must make two types of deliberations. First it must engage "in a deductive discrete fact-finding process to determine whether the State has proved the enhancement allegation." Then, second, considering all of the evidence admitted at the guilt-innocence and punishment phases of the trial, the fact finder "engages in a normative process that is uninhibited by any required specific fact determination to decide what particular punishment to assess within the range provided by law." *Jordan* at 291-92. Thus, the court said that there is no way to quantify what impact the unsupported finding of true had on the jury's normative sentencing function is assessing punishment and that attempting to do so would require pure speculation. *Jordan* at 293.

---

jail felony, then the defendant is to be punished as for a first degree felony. A first degree felony is punishable by life or a term of years not more than 99 or less than 5 years. Section 12.32, *Texas Penal Code*.

In reaching that conclusion the Court of Criminal Appeals observed that in that case:

> "Notably, the first enhancement paragraph, by itself, had no effect on the term of imprisonment available for the primary offense. But with the jury's unsupported finding of true to the second paragraph, the lower end of the punishment range was increased from fifteen years to twenty-five years".
> *Jordan* at 293.

For that reason this case is arguably distinguishable from *Jordan.* In this case the primary offense of burglary of a habitation is a second degree felony with a punishment range of not more than twenty years and not less than two years.[4] Proof of a single prior felony conviction as alleged results in the imposition of punishment in the range for a first degree felony, life or not more than ninety-nine and not less than five years.[5] Proof of two prior felony convictions in proper sequence results in an enhanced range of punishment to a term of life or not less than twenty-five and not more than ninety-nine years.[6]

The appellant does not contest the sufficiency of the evidence to prove his guilt of the primary offense nor to prove that the allegation in paragraph three of the indictment is true. The error here was only in

---

[4] Section 12.33, *Texas Penal Code*
[5] Sections 12.42 (b) and 12.32, *Texas Penal Code*
[6] Section 12.42 (d), *Texas Penal Code*

the failure to prove the conviction, alleged in the second paragraph to make the offense punishable under the habitual criminal provisions with a range of life or twenty-five to ninety-nine years. Thus the evidence is sufficient to support the finding of the jury that the allegations in the third paragraph are true. Consequently, even setting aside the unsupported finding as to the third paragraph, the range of punishment would be life or five to ninety-nine years. In *Culbert v. State*, 415 S.W.2d 646 (Tx. Cr. App. 1966), where two convictions were alleged for enhancement purposes and the evidence was insufficient to prove one of the allegations, the judgment was modified to show the punishment for the primary offense as enhanced by the single prior conviction.

Unlike in *Jordan* the single prior conviction when proven did have an effect upon the range of punishment available to the jury. It raised the range from two to twenty years up to five years to ninety-nine years or life. That is the same maximum punishment that would have been applied had both prior convictions be properly proven, although the minimum available was certainly changed.

Given that the jury assessed punishment at the maximum number of ninety-nine years as a result of its normative process of determining

11

the punishment to be assessed based upon all the evidence in the case, should the circumstances allow a harm determination, it could well be argued that whether the jury believed the minimum to be five years or twenty-five years clearly had no effect upon the deliberations. The punishment assessed was within the range provided for the primary offense with the proof of one prior felony conviction. See Rule 44.2 (b), *Texas Rules of Appellate Procedure.* (Non-constitutional error that does not affect substantial rights must be disregarded).

### *Remedy*

If harm is not an issue, then the appropriate remedy is to remand the case for a new hearing on punishment only. In that case the State would not be prohibited from attempting again to prove the prior conviction subject to the insufficiency defect in this trial. *Jordan* at 293; *Bell v. State*, 994 S.W.2d 173, 175 (Tx. Cr. App. 1999), relying upon *Monge v. California*, 524 U.S. 721 (1998) holding that it would not violate double jeopardy principles to allow the State a second chance to present its proof of a prior conviction.

# PRAYER

The State of Texas respectfully prays that the judgment of conviction herein be reformed and modified to show conviction of the primary offense as a repeat offender rather than as a habitual criminal and be in all other things affirmed, or in the alternative that the case be remanded to the trial court for a new punishment hearing.

Respectfully Submitted,

**HENRY GARZA**
DISTRICT ATTORNEY

BY: /s/ *Bob D. Odom*

**BOB D. ODOM**
Assistant District Attorney
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@bellcounty.texas.gov
SBA No. 15200000

# CERTIFICATE OF COMPLIANCE WITH RULE

This is to certify that the State's Brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 1821 words.

/s/ *Bob D. Odom*
BOB D. ODOM
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this brief has been served upon Justin Bradford Smith, Counsel for Appellant, by electronic transfer via Email, addressed to him at justin@templelawoffice.com on this 13th day of December, 2017.

/s/ *Bob D. Odom*
BOB D. ODOM
Assistant District Attorney