PRESTON CARTER V. THE STATE.

No. 20844. Delivered February 21, 1940.

The opinion states the case.

R. C. Wilson, of Austin, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the District Court of Travis County for the theft of an automobile and his punishment was assessed at confinement in the penitentiary for ten years.

The State's testimony is to the effect that on the night of December 20, 1938, a 1939 Model Chevrolet Coupe was taken from the premises of Louis Novy, who resided at 1117 Enfield Road in the city of Austin. Officers were summoned and the car was recovered that night about twelve o'clock at 1216 Baylor Street, which was about a block and a half away from the Novy home. At the time the car was discovered the appellant was in it. The officers found that the wires around the switch had been disconnected. About a box of matches which had been struck, a pair of pliers and a screw driver were found in the car. Appellant was arrested and place in jail. The car was taken to the police station and delivered the next day to the owner.

Louis Novy testified that a 1939 model Chevrolet Coupe was taken from his home without his permission on the night of December 20, 1938; that he bought the car and registered it in his name, although he had given it to his son for his birthday. His son bought the gasoline for the car but that he (the witness) paid the bills.

Harold Novy, the sixteen year old son of Louis Novy, testified that he left the car in question in front of the house between 11:30 and 12:00 o'clock at night on the day of the alleged offense; that the car was recovered the next day at the police station. The witness testified that he put on the brakes of the car when he parked it that night; that he did not disturb the wiring of the car; that he had not left any matches, struck or unstruck, in the car, nor had he left any pliers or screw driver in the car; that the car was operating normally when he left it. The witness further testified that he did not give any one permission to take the car that night.

Appellant did not testify upon the trial and offered no witnesses in his behalf.

For the purpose of enhancing the penalty, the State introduced in evidence an indictment dated May 6, 1936, charging the appellant, Preston Carter, with the theft of an automobile belonging to M. H. Elliott. The final judgment and sentence were also introduced.

No bills of exception are found in the record, but in the motion for an instructed verdict the contention is made that

there is a fatal variance between the indictment and the proof in that the ownership of the automobile is alleged to be in L. Novy, whereas the testimony places the car in the possession and under the control of Harold Novy. As is indicated by the State's evidence, Louis Novy testified that he bought the car and registered it in his own name but had given it to his son as a birthday gift; that he paid all the bills incurred in connection with the operation of the car. Harold Novy, the son, testified relative to the ownership of the car as follows: "I am the boss of the car until my father says for me to do something. When he tells me something to do about the car, I do it. He is the boss. * * * * * He drives it sometimes, not much. My mother and I drive the car. We switch around. * * * * * I stated that my dad had control over me and the car, all the time. I think the car is registered in my father's name."

The rule seems to be well settled that "where one person owns the property, and another person has the possession of the same, the ownership may be alleged to be in either." C. C. P., Art. 402; also Tex. Jur., Vol. 41, p. 124, sec. 77. In the same text, p. 133, sec. 84, it is declared that "ownership of property belonging to a minor living with his parents may be alleged to be in either."

In the case of Randall v. State, 112 S. W. (2d) 460, it was held as follows: "An indictment for theft may properly allege the ownership and possession of stolen property belonging to a minor child as being either in the minor or in parent."

We find no variance between the allegations and the proof.

Counsel for appellant further contends in his motion for and instructed verdict that the evidence could not establish a more serious offense than "tampering" with an automobile. We are unable to agree with this contention. The car was found in the possession of the appellant about a block and a half from the premises of the prosecuting witness. At the time of his apprehension, the appellant made no statement accounting for his possession of the car. The nature of the "tampering" in this case indicates an intention to operate the car by wiring around the ignition switch so as to use it without a key.

It is a well-settled rule that the unexplained recent possession of stolen property is sufficient circumstance to authorize the jury's conclusion of guilt on the part of the taker. Evans v. State, 105 S. W. (2d) 1054, and cases there cited.

No error having been presented justifying a reversal, the judgment is affirmed.