**Dorothy Edna SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0286–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 4, 1982.

Janet S. Morrow, Houston, for appellant.

Larry Urquhart, Asst. Dist. Atty., Houston, for appellee.

Before PRICE, WARREN and DUGGAN, JJ.

PRICE, Justice.

The appellant appeals from a conviction for felony theft on her plea of guilty before the court. Her punishment was assessed at 9 years confinement.

The appellant contends that the evidence is insufficient to support the conviction. Tex.Code Crim.Pro.Ann. art. 1.15 (Vernon 1966) provides that where a jury is waived in a felony case, "it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."

The record reflects that on March 13, 1981, the appellant pleaded guilty to the felony of theft. Prior to entering her plea, the trial judge acknowledged, and the appellant admitted, that she filed with the clerk of the court an agreement to stipulate evidence and a judicial confession. After the court properly admonished the appellant on the consequence of her plea of guilty, the State offered in evidence a document referred to as State's Exhibit No. 1. The record indicates that such exhibit was a stipulation of evidence containing a waiver of right to trial by jury and a judicial confession which had been executed by the appellant and her attorney. The court then found the appellant guilty based on her plea

of guilty and the evidence introduced. The record further reflects that no document marked State's Exhibit No. 1 appears as part of the transcription of the court reporter's notes. However, such an exhibit, marked S–1, does appear at page 18 of the record.

The appellant contends that because no such exhibit appears in the court reporter's transcription there is nothing for the appellate court to review in assessing sufficiency of the evidence to support the conviction. We disagree.

The document appearing at page 18 of the record shows to be executed by appellant and her attorney and bears the official file mark of the Harris County District Clerk dated March 13, 1981, the day of the plea. It also includes the following handwritten notations:

S–1

3/13/81

S.C.

The record reflects that the name of the court reporter who transcribed the notes is Sharon Cook, explaining the handwritten initial S.C. The document is legally sufficient to meet the statutory requirements of Tex.Code Crim.Pro.Ann. art. 1.15 (Vernon 1966).

Tex.Code Crim.Pro.Ann. art. 2.21, section (a) (Vernon 1966) requires the clerk of the district court to receive and file all papers and exhibits in respect to criminal proceedings, thus explaining the reason the document appears at page 18 of the record.

It is obvious from the record that the document appearing on page 18 of the record is the same document offered into evidence as State's Exhibit No. 1, about which the trial judge made reference during the taking of the plea. Because the stipulation of evidence tracks the indictment it is sufficient, standing alone, to support the trial court's adjudication of guilt. *Dinnery v. State*, 592 S.W.2d 343 (Tex.Cr.App.1980, opinion on rehearing); *Potts v. State*, 571 S.W.2d 180 (Tex.Cr.App.1978).

The judgment is affirmed.