John Anderson DEATON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–484CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 22, 1982.

Janet Morrow, Houston, for appellant.

Timothy Taft, Ned Morris, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

Appellant was charged by indictment with aggravated robbery. Upon motion by the State, the charge was reduced to robbery and Appellant entered a plea of guilty. A pre-sentence investigation was conducted and the court assessed punishment at five years confinement in the Texas Department of Corrections.

The only evidence introduced at trial was a stipulation of evidence offered and admitted as State's Exhibit No. 1, a document which Appellant contends is absent from the appellate record. Based on that contention, Appellant argues in one ground of error that the judgment should be reversed because the evidence is insufficient to support the conviction. We affirm.

Appellant founds his sole ground of error on the requirement of Tex.Code Crim.Pro. Ann. art. 1.15 (Vernon 1977), which provides that where a jury is waived in a felony case,

> . . . . it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. . . .

The appellate record contains a form of multiple-part printed document constituting a written waiver of constitutional rights, agreement to stipulate, and judicial confession; the document reflects the court's written approval and the clerk's file mark; it also bears across the bottom the printed words "Plea of Guilty" and the handwritten notation "SX 1" over "1–23–81" and the initials "ID." The record reflects that the State introduced a stipulation of evidence, State's Exhibit No. 1, into evidence. The stipulation of evidence was not read into the record at trial but was referred to as the written stipulation. The record, as approved by the trial court on August 7, 1981, contains a copy of the document described above at page 13.

Counsel for Appellant does not argue that the content of the document contained in the appellate record would be insufficient to support the guilty plea, but complains that because no such document appears in the record *as an exhibit to the statement of facts,* the record contains no stipulation shown to be the one which was introduced into evidence in support of the judgment.

After Appellant filed his appellate brief with the district clerk on September 8, 1981, the State filed a motion to supplement the record on September 29, 1981; on October 9, 1981, the trial court ordered the appellate record supplemented with a certified copy of State's Exhibit No. 1. It appears that the supplementation of the record was accomplished by inserting State's Exhibit No. 1, a copy of the above described document, between pages 64 and 65 of the transcript, immediately following the certificate of the court reporter. The district clerk mailed notice to defense counsel of further completion of the record; Appellant's attorney filed an objection to the supplementation of the record; the court set the matter for hearing and, after hearing, entered orders on April 13, 1982, "causing the record to speak the truth"—the court approved the supplemented record, including a statement of facts of the hearing on the supplementation of the record; the record was filed in this court on April 26, 1982. At the hearing on the supplementation of the record Assistant District Attorney Linda Adkinson West testified that the copies of the document appearing in the record at page 13 and between pages 64 and 65 are copies of the stipulation of evidence which she referred to as State's Exhibit No. 1 and offered into evidence at Appellant's trial. In addition, the trial judge stated in the record that she had personal recollection that "the document in issue entitled at the top, 'Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession,' and at the bottom ... entitled, 'Plea of Guilty,' this further being the document that has State's Exhibit No. 1, the initials

of the Court Reporter and the date 1–23–81 written on it, said document being in the Court's files," is the plea of guilty or stipulation that was introduced during the plea proceedings of Appellant on January 23, 1981.

■ The Legislature added the following sentence to article 40.09 § 7 of the Texas Code of Criminal Procedure effective August 27, 1979:

... If the trial court deems that a supplemental record or any other modification of the record be necessary to make the record speak the truth, for any reason, with or without objections from the state or the defendant, and whether on the court's own motion or the motion of either party or by order of the [court of appeals or the][1] Court of Criminal Appeals, the defendant and the state shall be notified by certified or registered mail of same and be given five days from receipt of notice for objections to such modification or supplementation....

In our opinion the trial court had the discretion to hold a hearing and supplement the record to make it speak the truth pursuant to article 40.09 § 7. The above quoted sentence of § 7 does not limit the trial court to supplementing or modifying the record within the time periods prescribed elsewhere in § 7 for other actions related to approval of the record. *See also Guzman v. State,* 521 S.W.2d 267 (Tex.Cr.App.1975). Appellant's judicial confession contained in the stipulation of evidence (State's Exhibit No. 1) constitutes sufficient proof of the indictment allegations to sustain the conviction.

■ On similar facts where a stipulation of evidence such as we have here was introduced into evidence at a guilty plea and did not appear in the record as part of the transcription of the court reporter's notes but did appear elsewhere in the record, the document has been held to be legally sufficient to meet the statutory requirement of

---

1. The bracketed words were later added by amendment in 1981. Tex.Code Crim.Ann. art.

40.09 § 7 (Vernon Supp.1982).

Tex.Code Crim.Pro.Ann. art. 1.15 (Vernon 1977). *Smith v. State,* 635 S.W.2d 131 (Tex. App.—Houston [1st Dist.] 1982). In *Smith* the record was not supplemented as it was here. If we assume the trial court's supplementation of the record to be in error and disregard the supplementation of the record, this court agrees with *Smith* that the document executed by Appellant and his attorney and bearing the official file mark of the Harris County District Clerk dated January 23, 1981, the day of the plea, as well as the handwritten notation of the same date, the court reporter's initials, and "SX 1" is obviously the same document offered into evidence as State's Exhibit No. 1 and is sufficient to support the trial court's adjudication of guilt.

We overrule Appellant's ground of error and affirm.