**Henry Martin SMITH, a/k/a Don Emmons, and Dirk Vincent Terry, Appellants,**

v.

**The STATE of Texas, Appellee.**

**Nos. 156–84, 157–84.**

Court of Criminal Appeals of Texas.

Oct. 15, 1986.

Larry P. Urquhart, Brenham, for appellants.

John B. Holmes, Jr., Dist. Atty. and Timothy G. Taft, and Harvey Hudson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANTS' PETITIONS FOR DISCRETIONARY REVIEW

PER CURIAM.

The prior opinion of the Court on original submission is withdrawn, and this opinion is substituted for it.

A jury convicted appellants of securing execution of a document by deception and assessed punishment for each at five years confinement and a fine of $2500. The Fourteenth Court of Appeals affirmed the judgment of conviction. *Smith v. State,* 681 S.W.2d 71 (Tex.App.—Houston [14th] 1983).

We granted ground for review one in appellants' petitions for discretionary review to address a procedural issue concerning supplementation of an appellate record by a trial court under former Article 40.09, § 7, V.A.C.C.P, see now Tex.R.App.Pro. Rule 55, and consideration of it by an appellate court. Tex.Cr.App. Rule 302(c)(1) and (2), now Tex.R.App.Pro. Rule 200(c)(1) and (2).

The chronology of pertinent events leading to the decision of the Houston [14] Court is well documented in the opinion rendered below, and need not be iterated here. See *Smith,* supra, at 77. Relative to preliminary rulings denying supplementation of the record, appellants assert in their ground for review:

"The decision of the Court of Appeals that the trial court did not have authority to approve a supplemental record containing a motion to quash the indictment filed prior to trial misconstrues Article 40.09, Section 7, V.A.C.C.P. . . . ."

They claim the conflicting opinion is *Deaton v. State,* 642 S.W.2d 247 (Tex.App.—Houston [14th] 1982), no P.D.R. history.

When *Deaton v. State,* supra, is carefully compared with the opinion below, however, there is no conflict. In the instant cause, disdaining authorities cited by the parties, another panel of the Houston [14th] Court disposed of the supplementation issue on a theory somewhat different than that suggested in appellant's ground for review, *viz:*

"We believe the issue before us is simple and none of the cases cited by either appellants or the state is controlling. We hold that once the appellate record is approved and filed in the appellate court and a motion to supplement that record is then made in the appellate court and the court denies the motion, the trial court does not thereafter have the authority to order the record supplemented."

681 S.W.2d at 77–78. Accordingly, the court ordered the supplemental transcript stricken and returned to the clerk of the trial court. That done, the court found that a motion to quash was not in the record, so "[n]othing was presented for review," and for that reason overruled the relevant ground of error.

Thus the key to its overruling appellants' ground of error is that the court had previously denied appellants' motion to supplement the record. That ruling, as well as its order striking the supplemental transcript, is essentially interlocutory in nature, and we have determined that ordinarily this Court will not examine those kinds of actions of a court of appeals by way of a petition for discretionary review. *Measeles v. State,* 661 S.W.2d 732 (Tex.Cr.App.1983). We also observe that though more than one opportunity was afforded for objections to the original record and, indeed, appellants did object in another particular, they never objected to omission of their motion to quash. See *Nethery v. State,* 692 S.W.2d 686, 701 (Tex.Cr.App.1985), *Vanderbilt v. State,* 629 S.W.2d 709, 717 (Tex.Cr.App. 1981), and cases there cited.*

Therefore, the judgment of the court of appeals is affirmed.

TEAGUE, Judge, dissenting.

Art. 40.09, Section 12, V.A.C.C.P., provides in part: "Whenever the trial court is of the opinion that original papers or exhibits should be inspected by the appellate court or sent to the appellate court in lieu of copies, it may make such order therefore and for the safekeeping, transportation and return thereof as it deems proper ..." Neither the majority opinion nor the opinion of the court of appeals nor the parties in their briefs allude to or discuss this provision that was in our statutory law when appellant's causes were appealed.

I find that, pursuant to Section 12, supra, the trial judge was permitted to send the motions to quash to the court of appeals at any time prior to submission, which he did.

Although the motions to quash the appellants' indictments were transmitted to the court of appeals by the trial judge, by supplementation of the record pursuant to Art. 40.09, Section 7, V.A.C.C.P., rather than Section 12, I see no legal impediment that would have prevented him from sending such papers to the court of appeals pursuant to Section 12, supra. Of course, as to what the court of appeals might have done with the papers once received is another question. However, the issue that is before us is not what the court of appeals might have done with the papers after they had been received by that court, but, instead, is whether the trial judge had the authority to transmit the papers to the court of appeals.

Even before the provisions of Art. 40.09, supra, became effective, this Court in *Culbert v. State,* 415 S.W.2d 646, 649–650 (Tex. Cr.App.1967), over strong objections by Judge Morrison and now Presiding Judge Onion, held: "It is noted that the Supreme Court of the United States in its opinion in *Henry v. Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1985) set the precedent, that appellate courts are no longer bound in all cases to confine themselves to the record sent up from the trial court," and considered an instrument that had been filed with this Court, apparently sua sponte by the State. Also see the dissenting opinion that Judge Morrison filed in *Harden v. State,* 417 S.W.2d 170 (Tex.Cr. App.1967), in which this Court, without citing any authority for its action, requested and received from the clerk of the trial court a photograph that had not been formally offered or introduced into evidence. The photograph also had not been filed in the record before the trial judge approved the record. Nevertheless, it was used to sustain the sufficiency of the evidence.

In this instance, the court of appeals ordered the papers that had been sent it by the District Clerk of Harris County, through the supplementation of the record,

* Given provisions of Tex.R.App.Pro. Rule 55(b); we anticipate the scenario in this cause will not be replayed.

"stricken and returned to the Office of the Harris County District Clerk." In disposing of appellants' ground of error, that the motions to quash should have been granted, the court of appeals chose to ignore the papers that the trial judge had ordered sent to it. I believe that it had authority to do just that.

However, but because of the importance of the issue that appellants' counsel raises, and pursuant to *Henry v. Mississippi,* supra, I would invoke the provisions of Art. 40.09, Section 12, supra, and have this Court direct the clerk of the trial court to send to this Court copies of the motions to quash, and, after reviewing the motions to quash, if this Court believes that the motions to quash have merit, remand the causes to the court of appeals for it to consider appellants' ground of error that is directed to the motions to quash.