John Thomas LEDFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–179–CR.

Court of Appeals of Texas,
Corpus Christi.

Nov. 20, 1986.

Wanda Roberts, Port Lavaca, for appellant.

Dan W. Heard, Dist. Atty., Port Lavaca, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

By two grounds of error, appellant contests the evidence supporting his conviction for felony theft. The jury found that he had committed prior felonies and assessed punishment at 99 years of confinement. We affirm the judgment.

By ground one, appellant argues that the evidence was insufficient to sustain the verdict of the jury.

The elements of felony theft are that (1) a person (2) with intent to deprive the owner of property (3) appropriates property (4) without the owner's effective consent, and (5) the value of the property was more than $750 but less than $20,000. Tex. Penal

Code Ann. § 31.03(a), (b)(1), (e)(4)(A) (Vernon Supp.1986).

■ The standard of review for the sufficiency of the evidence, whether circumstantial or direct, is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (on State's motion for rehearing). If the evidence supports an inference other than the guilt of appellant, a finding of guilt beyond a reasonable doubt is not a rational finding. *Id.* at 472.

The State showed that the family of Arnold and Ramona De Leon went on vacation from December 21, 1984, to January 1, 1985. When Mr. De Leon asked his brother to feed his dogs during his absence, appellant was present. When the family returned, their home had been entered and various items, including a ring and a radio, had been taken. Mrs. De Leon discovered her ring in a pawn shop in December, 1985. After she identified the ring, the jeweler who sold it to her for $762.15 also identified the ring and testified to its uniqueness and value. Juanita Sandoval, who pawned the ring, testified that appellant gave it to her 2 or 3 days before Christmas in 1984, and that he gave her brother-in-law the radio on the same visit at her sister Maria Leal's house.

At trial, appellant asserted an alibi defense, presenting witnesses to testify that he was in Mexico during December, 1984. However, each witness conceded on cross-examination that he had no personal knowledge of appellant's whereabouts during the period in question. Arnold De Leon's brother, Guadalupe De Leon, testified that appellant was with him at his house during December when Arnold asked him to feed the dogs, and that appellant was showing him a car he had bought from "Ernest." Ernie Dare testified that appellant purchased the car on December 15, 1984, made payments on December 17 and 23, traded his car on December 26, and received a credit on his account on December 27, 1984. Moreover, Juanita Sandoval and Juan and Maria Leal testified that appellant was at

the Leal's in Seadrift two or three days before Christmas in 1984. The jury obviously rejected appellant's defense.

■ The personal, unexplained possession of recently stolen property involving a distinct and conscious assertion of ownership of the property raises an inference of guilt. *Sutherlin v. State,* 682 S.W.2d 546, 549 (Tex.Crim.App.1984); *Hardesty v. State,* 656 S.W.2d 73, 77 (Tex.Crim.App. 1983). Appellant chose not to testify. His alibi witnesses made no attempt to explain his possession, but if the alibi were established, appellant's possession of the stolen items would have been impossible.

■ Appellant's contention that unexplained possession of recently stolen goods must be further corroborated by other circumstantial evidence is without merit. Appellant cites *McElyea v. State,* 599 S.W.2d 828, 829 (Tex.Crim.App.1980); *Smith v. State,* 518 S.W.2d 823, 825–26 (Tex.Crim. App.1975); and *Perkins v. State,* 630 S.W.2d 298, 300 (Tex.App.—Houston 1981, pet. ref'd, untimely filed), which are distinguishable in that the defendant did offer an explanation attempting to show honest acquisition of the property. In *Sutherlin,* possession of a stolen bulldozer five months after the theft was found to be too remote in time to satisfy the recency portion of the test.

■ *Hardesty* was a conviction based on accomplice testimony, and appellant offered an explanation of his possession at trial. The Court of Criminal Appeals in that case stated that in addition to the inference of guilt raised by the unexplained possession of recently stolen property, the evidence when viewed as a whole must still be sufficient under normal standards of appellate review. *Hardesty,* 656 S.W.2d at 77. A conviction resting on the inference must be tested under the standards for circumstantial evidence. The circumstances relied on must be consistent with each other and with the guilt of the accused, but must exclude every other reasonable hypothesis except the guilt of the accused. *Ellard v. State,* 509 S.W.2d 622, 624 (Tex.

**488**

Crim.App.1974). In this case, the evidence showed that appellant, one of only a few people who knew the De Leons would leave town, gave away two of the stolen items not more than two days after the De Leons left. We hold that the evidence is sufficient and overrule ground one.

By ground two, appellant challenges the proof of ownership of the Emerson radio. Mrs. De Leon testified that she bought the radio before Christmas, 1984, and that its value was about $70. She testified that she owned the house, the ring, and the radio. Appellant's complaint is based on Mrs. De Leon's identification of a photograph taken before Christmas, in which she had given the radio to her son.

■ In a theft case, if the minor lives with the parent, ownership may be alleged in either the minor or the parent. *Carter v. State,* 138 Tex.Cr.R. 435, 137 S.W.2d 37, 38 (Tex.Crim.App.1940); *see also Turner v. State,* 636 S.W.2d 189, 193 (Tex.Crim.App. 1982) (on State's motion for rehearing). The son is clearly a minor and nothing suggests that he did not live with his parents. Moreover, Mrs. De Leon testified that the items were hers. The jury could resolve conflicts in this testimony, if any. We overrule ground two.

We AFFIRM the judgment.