**Jimmie Lee WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No.   09–88–192–CR.**

Court of Appeals of Texas,
Beaumont.

Feb. 22, 1989.

Fred A. Carver, Beaumont, for appellant.

John R. DeWitt, Tom Maness, Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

This is an appeal from a jury conviction of Appellant on the charge of burglary of a building. *TEX.PENAL CODE ANN. sec. 30.02(a)(2)* (Vernon 1974). Upon a plea of true to two enhancement counts as a felony habitual offender, Appellant was sentenced to a punishment of life imprisonment in the Texas Department of Corrections. Appellant now urges only one point of error, to wit: that the trial court was in error overruling the Appellant's motion for an instructed verdict of acquittal, and that there is insufficient evidence in any event to support a conviction. We overrule Appellant's point of error and affirm the judgment of the trial court below, for the reasons stated in this opinion.

The burglary which occasioned this case occurred on the night of November 17–18, 1987. The building so burglarized was the Lamar University Regional Police Academy in Beaumont, Texas. The secretary at the Police Academy, Linda Cone, testified that she arrived at the Academy building at 7:30 a.m. on the morning of November 18th, to open the building which housed offices and classrooms of the Academy. She testified that upon coming to the front door she noticed that the door had been pried open, with the door lock still in a locked position, but the door itself bent and standing open. Ms. Cone further testified that when she went inside to her office that the doors to all of the offices had been pried open, as well as those of the Academy classrooms. The offices had been ransacked, and some of the windows of the doors to those offices and classrooms were broken. Ms. Cone stated that her office was similarly broken into, with much of her "paperwork" strewn on the floor. Furthermore, a black-and-white five-inch television that she kept in the office was missing. She testified that she then found the back door to the building propped open with a board, and outside the door a VCR kept in one of the classrooms for cadet training was left on the ground.

Mr. Gary Duncan, Director of the Police Academy, testified that when he left the Academy at 6:30 p.m. on November 17th, he locked the building and saw nothing that seemed to be out of order. He further testified that he arrived at the Academy about forty-five or fifty minutes after Ms. Cone did the next morning, and found that two Remington shotguns had also been taken. He also stated that a remote control for a monitor used in one of the classrooms had been stolen, and in addition a cache of fake "replica" guns, which were used in cadet training, had been taken. These guns had been rendered harmless, but they did have the appearance of true lethal weapons. Mr. Duncan stated that he gave no one consent to enter the building in question to take any of the items in question.

Officer Pat Gurski of the Beaumont Police Department testified that he conducted the investigation of the break-in, along with the late Officer Paul Hulsey, Jr. A fingerprint analysis was made of several latent prints found at the scene by another officer, Al Mouton, who was called to the scene, but a check of those prints did not match those of Appellant. No one testified that they saw Appellant at or near the scene of the crime. However, Officer Gurski testified that two unnamed informants told him that Appellant had committed the crime. Officer Gurski testified that a search warrant was obtained pursuant to that information on the afternoon of November 18th; and thereupon he, two other officers and Mr. Duncan went to Appellant's boarding house residence for the purpose of conducting a search. Appellant

shared a one bedroom apartment in a boarding house with Sharon Patterson (then Sharon Tezeno), who was his common-law wife. Appellant was not present when the officers came to the residence, but Ms. Patterson was there. The officers found the television, the remote control, and the cache of fake handguns that were taken in the burglary the previous night. These items were so identified by both Mr. Duncan and Ms. Cone. Appellant was arrested on December 16, 1987, pursuant to an arrest warrant issued at or before that date.

Sharon Patterson testified for Appellant, and stated initially that the stolen items were brought to her by an acquaintance known only as "Doc". However, under skillful cross-examination by Assistant District Attorney Larry Eastepp, Ms. Patterson admitted that it was Appellant who brought the television into the room the night of the burglary.

The Appellant was convicted, therefore, on the basis of circumstantial evidence, to wit: the stolen items which were found in his possession, that is, in his residence. A conviction based on circumstantial evidence will be sufficiently supported if the facts proved support a reasonable inference that the accused committed the crime and exclude to a moral certainty any inference consistent with his innocence. *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim. App.1983) (Opinion on Rehearing); *Galvan v. State*, 598 S.W.2d 624 (Tex.Crim.App. 1979). However, such a conviction cannot be sustained unless the circumstances exclude all the reasonable hypotheses except that of the defendant's guilt. *Wilson, supra.* In the case such as that before us, the rule is well-settled concerning the probative nature of possession of stolen goods in a prosecution for burglary or theft. In *Russell v. State*, 86 Tex.Cr.R. 609, 218 S.W. 1049 (Tex.Crim.App.1920), the Court of Criminal Appeals enunciated the rule still applied today:

> "When there is proof that a burglary has been committed, and property stolen from the premises, the possession of the property thus recently stolen has been

considered as a circumstance of such cogency that it will sustain the verdict of the jury connecting the possessor of the property with the offense. [Citations omitted] To support such finding, however, the possession must be personal, recent, and unexplained, and must involve a distinct and conscious assertion of property by the accused."

In *Rodriguez v. State*, 549 S.W.2d 747 (Tex.Crim.App.1977), the Court restated the rule announced in *Russell, supra*, that an inference of defendant's guilt of burglary or theft may arise from possession of property stolen in a recent burglary, if such possession is personal, recent, unexplained by defendant, with distinct and conscious assertion of right to that property by the defendant. In *Hardesty v. State*, 656 S.W.2d 73 (Tex.Crim.App.1983), the Court further clarified the rule. The Court held that while such possession does not create a presumption of guilt, an inference of guilt does arise, which makes the conviction under all the evidence subject to the typical rules of appellate review of convictions based on circumstantial evidence. To wit, a conviction is sustained if, examining the evidence in a light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Hardesty, supra*, at 77, *Wilson, supra.*

In *Ledford v. State*, 721 S.W.2d 486 (Tex.App.—Corpus Christi 1986, no pet.), the court held that the inference of guilt in these circumstances need not be corroborated by other circumstantial evidence, unless defendant challenges at least one of the elements giving rise to the inference. Furthermore, the circumstantial evidence giving rise to the inference of guilt must exclude all other reasonable hypotheses other than Appellant's guilt. *Ledford, supra*, at 487; *Hardesty v. State, supra; Wilson v. State, supra.* Personal possession of recently stolen property is sufficient circumstantial evidence to support a conviction of burglary, unless the defendant offers a reasonable and unrefuted explanation of his possession. *Robinson v. State*, 728 S.W.2d 858 (Tex.App.—Austin 1987, no pet.).

**852**

In the matter before us the State has clearly borne its burden of establishing the Appellant's guilt by strong circumstantial evidence and the testimony of Sharon Patterson during cross-examination. Besides establishing the fact that a burglary was committed and that the stolen goods were found in Appellant's residence, the State effectively elicited the critical admission of Sharon Patterson, witness for Appellant, that she saw him enter their room on the night of the burglary carrying the television set later identified as the same one stolen earlier from the Lamar Police Academy. Furthermore, testimony showed that when the police arrived to search the premises that the television was plugged in and working. Evidence of an accused's unexplained possession of some of the property recently stolen in a burglary is sufficient to support conviction. *Ward v. State*, 581 S.W.2d 164, 168 (Tex.Crim.App. 1979) (opinion on rehearing); *Medrano v. State*, 658 S.W.2d 787 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). The State therefore established personal, recent possession that was bereft of reasonable explanation and entailed a most conscious assertion of right over the property—the Appellant was carrying the set! Neither did the jury have to accept Ms. Patterson's unreasonable initial explanation of how the stolen items found their way into their apartment. *Sanders v. State*, 707 S.W.2d 78 (Tex.Crim.App.1986).

Appellant's reliance on *England v. State*, 727 S.W.2d 810 (Tex.App.—Austin 1987, no writ), is misplaced. There the State could not establish personal possession of stolen goods when the property was found in a place where others had an equal right and facility of access. 727 S.W.2d at 811–12. Here the question of Appellant's co-ownership and co-possession of his residence with Ms. Patterson is irrelevant, because it was established that Appellant was seen walking into the apartment carrying the stolen television, which places him in sole possession and control of the purloined property.

Therefore, it is reasonable to state that the jury correctly inferred that Appellant indeed was guilty of the offense charged against him. It was not necessary for the jury to conclude from the entirety of the circumstances that Appellant committed the crime to the exclusion of every hypothesis, just every *reasonable* hypothesis. *Wilson v. State, supra*. Ms. Patterson's story of meeting a man named "Doc", and having the stolen goods left with her in the room, could easily have been, and was rejected by the jury. The credibility of Appellant's defense is to be weighed by the jury as the trier of facts. *Sanders v. State, supra*.

Our responsibility, in appellate review of both direct and circumstantial evidence cases, is to look at the evidence in the light most favorable to the verdict or judgment, and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wilson v. State, supra; Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App. 1984) (Opinion on Rehearing). Under the facts before us, we hold that the jury acted reasonably in finding that the State proved all the elements of *Art. 30.02(a)(2)* beyond a reasonable doubt.

Therefore, Appellant's contention of factual insufficiency to support conviction for the offense of burglary of a building is hereby overruled.

We uphold the verdict of the jury and the judgment of the trial court is hereby affirmed.

AFFIRMED.