TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00738-CR


NO. 03-94-00739-CR







Mike Torres, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF SAN SABA COUNTY, 33RD JUDICIAL DISTRICT


NOS. 4927 & 4927-A, HONORABLE CHARLES HEARN, JUDGE PRESIDING







PER CURIAM



 In each cause, the district court found appellant guilty of possession of a controlled
substance with intent to deliver. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, §
481.112, 1989 Tex. Gen. Laws 2230, 2935 (Tex. Health & Safety Code Ann. § 481.112, since
amended). In each, the court assessed punishment at imprisonment for twenty years.

 Appellant contends the conviction in district court cause number 4927-A is void
because there was no valid charging instrument. The record in this cause contains a waiver of
indictment. When indictment is waived in a felony prosecution, the defendant shall be charged
by information. Tex. Code Crim. Proc. Ann. art. 1.141 (West 1977). No information appears
in the record and the State concedes in its brief that none was filed. In the absence of an
indictment or information, the jurisdiction of the district court was not properly invoked and the
judgment of conviction is void. Morbach v. State, 773 S.W.2d 411 (Tex. App.--San Antonio
1989, no pet.). Point of error three is sustained.

 Appellant also contends the evidence in cause number 4927-A is legally insufficient
to sustain the conviction. Appellant signed a written stipulation and judicial confession stating,
"I do further admit and judicially confess that I knowingly, intentionally and unlawfully committed
the acts alleged in the Information in this cause at the time and place and in the manner alleged,
and that I am in fact GUILTY of the offense of Delivery of a Controlled Substance . . . ." 
Because no information was on file, appellant's stipulation that he committed the acts alleged in
the information was meaningless, and no other evidence of guilt was adduced at trial. Appellant's
confession of guilt is not alone sufficient to support the conviction. Tex. Code Crim. Proc. Ann.
art. 1.15 (West Supp. 1995). Point of error two is sustained. When a defendant pleads guilty but
the evidence is insufficient under article 1.15, the proper disposition is to remand the cause for
new trial. Bender v. State, 758 S.W.2d 278 (Tex. Crim. App. 1988); Ex parte Martin, 747
S.W.2d 789 (Tex. Crim. App. 1988). Because we sustain points of error two and three, we need
not discuss points five and seven, which allege other errors in cause number 4927-A. 

 In point of error one, appellant contends the evidence is legally insufficient to
sustain his conviction in district court cause number 4927. In that cause, appellant was indicted
for possessing less than 28 grams of cocaine with intent to deliver. Appellant signed a written
stipulation and judicial confession stating, "I do further admit and judicially confess that I
knowingly, intentionally and unlawfully committed the acts alleged in the Indictment in this cause
at the time and place and in the manner alleged, and that I am in fact GUILTY of the offense of
Possession of a Controlled Substance . . . ." This stipulation was admitted in evidence and is
sufficient to sustain the judgment of conviction. Dinnery v. State, 592 S.W.2d 343, 352-54 (Tex.
Crim. App. 1980) (opinion on rehearing); Potts v. State, 571 S.W.2d 180 (Tex. Crim. App.
1978); Smith v. State, 635 S.W.2d 131 (Tex. App.--Houston [1st Dist.] 1982, no pet.). Point of
error one is overruled.

 In point of error four, appellant contends the district court erred by refusing to hear
his motion for new trial complaining of ineffective assistance of counsel in cause number 4927. 
In his motion for new trial and supporting inmate declaration, appellant contended that his
attorney at trial told him that he had spoken to the judge and that appellant would receive a ten-year probated sentence if he pleaded guilty. Appellant stated that he would not have pleaded
guilty were it not for counsel's assurance that, in effect, a plea bargain existed between counsel
and the court. For this reason, appellant contends in point of error six that his guilty plea was
involuntary.

 The State argues that points of error four and six are not properly before us because
appellant waived his rights to file a motion for new trial and to appeal. Because the waiver was
signed before sentence was imposed, however, it is not binding on appellant. Ex parte Thomas,
545 S.W.2d 469 (Tex. Crim. App. 1977); Ex parte Townsend, 538 S.W.2d 419 (Tex. Crim. App.
1976). The State also asserts that appellant's unbargained guilty plea waived error. Helms v.
State, 484 S.W.2d 925 (Tex. Crim. App. 1972). The Helms rule applies only to errors occurring
before the plea is entered. Jack v. State, 871 S.W.2d 741, 743 (Tex. Crim. App. 1994). Thus,
appellant's guilty plea does not preclude appellant's complaint regarding the failure to hear his
motion for new trial. Finally, the State urges that appellant failed to comply with the proviso of
rule 40(b)(1) of the Texas Rules of Appellate Procedure. By its terms, however, this proviso
applies only in cases in which there is a bargained guilty plea. 

 Appellant's motion for new trial was timely filed. As evidenced by a letter from
the court coordinator that appears in the transcript, the motion was timely presented to the district
court. Because the motion raised a matter not determinable from the record upon which appellant
might be entitled to relief, the district court abused its discretion by failing to conduct a hearing. 
Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). Point of error four is sustained. 
The proper disposition in such a case is to abate the appeal and remand the cause for an out-of-time hearing on the motion for new trial. Id.; McIntire v. State, 698 S.W.2d 652, 662 (Tex.
Crim. App. 1985) (opinion on motion for rehearing). Further discussion of point of error six is
unnecessary.

 In our cause number 03-94-00738-CR (district court cause number 4927), the
appeal is abated and the cause is remanded to the district court for a hearing on appellant's motion
for new trial. If the district court grants the motion for new trial, a certified copy of the court's
order shall be forwarded to this Court in a supplemental transcript. If the district court overrules
the motion for new trial, a certified copy of the court's order shall be forwarded to this Court in
a supplemental transcript together with a supplemental statement of facts containing a transcription
of the court reporter's notes from the new trial hearing; after the supplemental record is filed,
counsel for appellant will have fifteen days to tender a supplemental brief. The appeal will be
reinstated upon the filing of the supplemental record or on December 8, 1995, whichever is
earlier. If the hearing is not held within the time prescribed, the judgment of conviction will be
reversed.

 In our cause number 03-94-00739-CR (district court cause number 4927-A), the
judgment of conviction is reversed and the cause is remanded for a new trial.



Before Chief Justice Carroll, Justices Aboussie and Jones


Abated in Cause No. 03-94-00738-CR; Reversed and Remanded in Cause No. 03-94-00739-CR


Filed: November 1, 1995


Do Not Publish



e offense of
Possession of a Controlled Substance . . . ." This stipulation was admitted in evidence and is
sufficient to sustain the judgment of conviction. Dinnery v. State