TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00383-CV







In the Matter of F. C.






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT

NO. C-94-0125-J, HONORABLE DICK ALCALA, JUDGE PRESIDING






 Appellant F.C. challenges the sufficiency of the evidence supporting an order of the district
court of Tom Green County, sitting as a juvenile court, adjudicating him delinquent for committing the
offense of unauthorized use of a motor vehicle. See Tex. Fam. Code Ann. § 51.03 (West 1996); Tex.
Penal Code Ann. § 31.07 (West 1994).

 On March 10, 1996, appellant left home in his mother's car. He returned less than an hour
later, but his mother had already reported her car stolen. Appellant was later charged with unauthorized
use of a motor vehicle. See Tex. Penal Code Ann. § 31.07. After a hearing at which appellant's mother
testified, the juvenile court found beyond a reasonable doubt that appellant had committed the offense, and
committed him to the Texas Youth Commission. (1) Appellant challenges the juvenile court's judgment by
one point of error. We will affirm the judgment.


DISCUSSION

 A person commits the offense of unauthorized use of a motor vehicle if he intentionally or
knowingly operates another's motor-propelled vehicle without the effective consent of the owner. Id. 
Appellant contends that the evidence is both legally and factually insufficient to support the juvenile court's
affirmative findings on the elements of ownership and consent. Specifically, he contends the State failed
to prove who owned the vehicle and that appellant did not have the consent of the owner. (2)

 In reviewing the sufficiency of the evidence in a juvenile case, we apply the criminal
standards. In re M.S., 940 S.W.2d 789, 792 n.2 (Tex. App.--Austin 1996, no writ). Accordingly, in
reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the
finding and determine whether any rational trier of fact could have found the elements of the requirement
proven beyond a reasonable doubt. Id.; see also Jackson v. Virginia, 443 U.S. 307 (1979). Similarly,
we review the factual sufficiency of the evidence by viewing all the evidence without the prism of "in favor
of the finding" and will overturn the finding only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely filed).

 The State elicited testimony from appellant's mother that strongly implies she owned the
car in question. Specifically, appellant's mother testified when asked about the event on March 10, 1996,
that "[appellant] took off in my car." (Emphasis added.) Appellant argues that statement is not enough to
establish ownership of the car. We disagree. The statement links the car appellant used with the car that
was taken from his mother; her statement clearly supports the inference that she owned the very car in
which appellant drove away. Other courts have held similar statements sufficient to constitute evidence of
ownership. See Ledford v. State, 721 S.W.2d 486, 488 (Tex. App.--Corpus Christi 1986, no pet.);
Smith v. State, 681 S.W.2d 71, 75 (Tex. App.--Houston [14th Dist.] 1983), aff'd on other grounds,
722 S.W.2d 408 (Tex. Crim. App. 1986). Cf. Winn v. State, 828 S.W.2d 284, 285-86 (Tex.
App.--Houston [14th Dist.] 1992, no pet.) (court held owner's testimony not sufficient evidence of
ownership when testimony failed to show the actual car owner lost was same car defendant was accused
of driving); Abran v. State, 788 S.W.2d 375, 376 (Tex. App.--Houston [1st Dist.] 1988, no pet.)
(same). Because appellant's mother's statement was sufficient to establish her ownership of the car at issue
and because the record contains no evidence that someone other than appellant's mother owned the car,
we hold the evidence both legally and factually sufficient to support the ownership element of the offense.

 We turn to appellant's argument that the evidence does not support the court's finding that
appellant took the car without his mother's consent. Appellant does not contend he mistakenly thought
he had consent to drive the car; instead, he argues he did have his mother's consent. Appellant
acknowledges that his mother testified he did not have her permission to drive the car on March 10, 1996. 
He focuses, however, on her other statements. Appellant's mother testified on cross-examination that she
did not really believe appellant would "steal" her car and that she had allowed him to use the car on other
occasions. Appellant argues these statements reveal he had his mother's consent to use her car on March
10, 1996. We disagree. That appellant had his mother's permission to use the car on a date other than
March 10, 1996, has no bearing on whether he had her consent on March 10. Similarly, that appellant's
mother thought he would eventually return the car does not establish that she gave him permission to use
it in the first place. Because appellant's mother's testimony establishes she did not consent to appellant's
use of her vehicle on the date in question, and because nothing in the record contradicts her statement, we
hold the evidence both legally and factually sufficient to support the trial court's affirmative finding on the
consent issue. Accordingly, we overrule appellant's point of error and affirm the judgment of the juvenile
court.



 _____________________________________________

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B.A. Smith

Affirmed

Filed: June 19, 1997

Do Not Publish

1. The record suggests appellant was charged with multiple offenses in the proceedings below and
that he had previous experience in the juvenile justice system. 
2. The State contends appellant's point of error is multifarious. By briefing his arguments in one
point of error, appellant risks rejection of the grounds. See Brooks v. State, 642 S.W.2d 791, 793 (Tex.
Crim. App. 1982). We are able to determine, however, exactly what appellant complains of and he has
cited relevant authority for his arguments. He has, therefore, preserved his complaints for review. 


y the criminal
standards. In re M.S., 940 S.W.2d 789, 792 n.2 (Tex. App.--Austin 1996, no writ). Accordingly, in
reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the
finding and determine whether any rational trier of fact could have found the elements of the requirement
proven beyond a reasonable doubt. Id.; see also Jackson v. Virginia, 443 U.S. 307 (1979). Similarly,
we review the factual sufficiency of the evidence by viewing all the evidence without the prism of "in favor
of the finding" and will overturn the finding only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely filed).

 The State elicited testimony from appellant's mother that strongly implies she owned the
car in question. Specifically, appellant's mother testified when asked about the event on March 10, 1996,
that "[appellant] took off in my car." (Emphasis added.) Appellant argues that statement is not enough to
establish ownership of the car. We disagree. The statement links the car appellant used with the car that
was taken from his mother; her statement clearly supports the inference that she owned the very car in
which appellant drove away. Other courts have held similar statements sufficient to constitute evidence of
ownership. See Ledford v. State, 721 S.W.2d 486, 488 (Tex. App.--Corpus Christi 1986, no pet.);
Smith v. State, 681 S.W.2d 71, 75 (Tex. App.--Houston [14th Dist.] 1983), aff'd on other grounds,
722 S.W.2d 408 (Tex. Crim. App. 1986). Cf. Winn v. State, 828 S.W.2d 284, 285-86 (Tex.
App.--Houston [14th Dist.] 1992, no pet.) (court held owner's testimony not sufficient evidence of
ownership when testimony failed to show the actual car owner lost was same car defendant was accused
o